| 40 | 87 |
|-----|-----|
| 100 | 711 |

The SOUTH CAROLINA RAILROAD COMPANY *et al.,* plaintiffs in error, *vs.* JOHN L. ELLS, J. P., *et. al.,* defendants in error.

1. The Justices of the Peace of the county, upon the opinion of twelve freeholders of the county, have no jurisdiction to abate a nuisance in a town or city, under the government of a Mayor, Intendant, Aldermen, Wardens, or a Common Council, or Commissioners. The power to abate such nuisance is vested, by the Code, in the city government alone, and not in the Justices of the Peace.

2. In case the Justices of the Peace are proceeding without jurisdiction, to hear and determine such an issue, in a town or city, under the government of the officers above mentioned, a writ of prohibition is the proper remedy to restrain them.

Jurisdiction over Nuisances. Prohibition. Before Judge GIBSON. Richmond Superior Court. June Term, 1869.

In June, 1869, W. J. Vason sued out a warrant before Ells and another Justice of the Peace, in Augusta, Georgia, against the South Carolina, Georgia, and Augusta and Sum-

merville Railroad Companies, complaining that the running of their trains, over the railway in and along Washington street, in said city, was a public nuisance, annoying to the citizens in general, and injurious and dangerous to persons frequenting said street. The proper officers of the roads were notified that, at a time and place designated, a jury of twelve freeholders would sit to investigate said matter, with a view to abate or suppress the same.

Judge Gibson was absent from the city. The companies, meanwhile, brought these facts to the knowledge of Judge Andrews, and claimed that the General Assembly of Georgia authorized the City Council of Augusta to permit said roads to connect their *termini* by railroad through the streets of said city, and they, by ordinance, had given the permission, and the roads were acting under it; and they averred that by law the municipal authorities of Augusta had full and exclusive control over the streets of the city, and full and exclusive jurisdiction over nuisances within said city. They prayed, therefore, for a writ of prohibition against said Justices and Vason. Judge Andrews granted the writ, to last till Judge Gibson's return, and ordered the Justices and Vason to show cause before Judge Gibson why it should not be made perpetual.

Vason showed cause, averring that said Justices had jurisdiction, concurrent with the municipal authorities, over nuisances in said city ; that he applied twice to the municipal authorities to act in this matter, and they had declined to do so ; that the municipal authorities were incompetent to act in the matter, because the Mayor and a majority of the Councilmen are stockholders or directors of said roads, and he denied the passage of any legal ordinance, or the power to pass any such ordinance, permitting said companies thus to create and keep up such nuisance. The Justices claimed jurisdiction in the premises. Upon these answers, they moved to dismiss the writ of prohibition.

Judge Gibson held that the Justices and twelve freeholders had jurisdiction of the matter, in said city, and that, without proceeding according to the ordinances of the city, they could

determine whether said running of said trains was a nuisance, and that their action was reviewable by the Superior Court, upon *certiorari.* The writ was therefore dismissed. Every part of said holding is assigned as error.

WILLIAM T. GOULD, FRANK H. MILLER, for plaintiffs in error.

C. SNEAD, W. J. VASON, for defendants.

BROWN, C. J.

Section 4023 of the Code specifies what nuisances may be abated, and gives jurisdiction to any two or more Justices of the Peace, of the county, to abate such nuisance by order, founded upon the opinion of twelve freeholders of said county, summoned, sworn and empaneled for that purpose. Section 4024, is in these words : "If the nuisances complained 'of exists, in a town, or city, under the government of a Mayor, Intendant, Aldermen, Wardens, or Common Council, or Commissioners, such nuisance, by and with the advice of such Aldermen, Wardens, Council, or Commissioners, may be abated and removed by order of said Mayor, Intendant, or Commissioners, which order shall be directed to, and executed by the Sheriff, or the Marshal of said town, or city, or their deputy." This is substantially the law, as it existed in the original Act of the Legislature, organizing Courts composed of Justices of the Peace, and freeholders, to abate nuisances in this State. See Cobb's Digest, 817.

The question presented by the record before us, is whether the Justices of the Peace of the county have jurisdiction with a jury of twelve freeholders, to abate a nuisance in the city of Augusta, which is governed by a Mayor and Council, who have very full powers, under their charter, to pass all ordinances, and do all acts necessary to the good government of the city, which are not in conflict with the constitution or laws of this State. We are satisfied that no such power has been conferred upon the Justices of the Peace.

This is not a case where the Justices originally had this

jurisdiction in the towns and cities and by subsequent legis-lation the power was conferred upon the authorities of the towns and cities, to exercise the same jurisdiction. If it were so, and the Act, giving jurisdiction to the city authori-ties, contained no words denying it to the Justices, they would still retain concurrent jurisdiction. The same Act which conferred this jurisdiction on the Justices of the Peace of the county, to abate nuisances, also conferred the same authority, in towns and cities, upon the officers having the government of said towns and cities. The Act, when properly construed, means that the Justices of the Peace, with the aid of a jury, may abate a nuisance in any part of the county, except in a town or city having a legal government under its charter, where it may be done, not by the Justices of the Peace, but by the officers of the town or city.

We think this not only the true construction of the Act, but we are satisfied the Act is a wise one. If two Justices of the Peace, living in a remote part of the county, had power to summon a jury from the county, and go into the city, and abate whatever they might consider a nuisance, there would be constant conflict of authority, and it would be very difficult, if not impossible, to maintain good order and ad-vance the prosperity of the city. When the nuisance becomes an indictable offence under the Penal Code, the city authori-ties no longer have jurisdiction; but the Legislature leaves it with them, subject to the legal rules prescribed, to abate any nuisance within the chartered limits of the city, the maintenance of which does not amount to an indictable of-fence under the Penal Code. Taking this view of this case, it is not necessary for us to decide whether the conduct of the railroad companies, which is complained of, amounts to a nuisance in law, or whether the movant in this proceeding (Colonel Vason,) has sustained damage in the legal sense. If his legal rights have been infringed, the Courts are open to him, and he is entitled to relief, when he institutes the pro-per proceeding in the proper Court.

2. We hold that the Justices of the Peace had no jurisdic-tion of the subject matter in controversy, and that their acts

were wholly unauthorized by any law of this State.   And we hold further, that the writ of prohibition was the proper remedy to restrain them from proceeding with the case, to the annoyance or damage of the corporations suing out the writ.

Judgment reversed.