No. 4103. — STATE ex rel. J. GRAHAM, Auditor, v. JUDGE OF THE EIGHTH DISTRICT COURT, Parish of Orleans.

If an appeal has been granted and filed in the Supreme Court it can not afterward be withdrawn without the consent of the Supreme Court. The consent of the parties or the counsel does not divest the appellate court of jurisdiction over the case. The district court which granted the appeal is therefore divested of jurisdiction over the case until the appellate court has acted on the appeal. In case the court a qua assumes to act in the case after the appeal has been taken—before the Supreme Court has acted on the appeal — a writ of prohibition will issue on application of the appellant, restraining the judge a quo from further proceedings in the cause.

APPLICATION for Writ of Prohibition. *Hornor & Benedict*, for relator. *W. H. Cooley*, Judge of the Sixth District Court, presiding in the Eighth District Court, respondent.

HOWELL, J. The relator shows that he appealed suspensively from a judgment against him in the case of The State ex rel. The Board of State Assessors v. James Graham, Auditor, in the Eighth District Court for the parish of Orleans, and that after he had filed the transcript of appeal in this court proceedings were instituted against him in the lower court to dismiss the appeal and execute the judgment appealed from by him, and that in pursuance thereof he was imprisoned on the order of the judge a quo for contempt of court in not executing the said judgment. He therefore asked for a writ of prohibition.

The answer of the District Judge is, in substance, that the above named suit was tried contradictorily with the Attorney General, who

alone has control of said case; that by act 21 of 1872, the Auditor is forbidden to appear or employ counsel to defend suits against him; that the lower court was without authority to grant him the appeal in question, and this court to entertain it, the Attorney General not having appealed, and having consented to dismiss the appeal granted to the Auditor.

Without expressing an opinion on the whole scope and the constitutionality of the act referred to, it is sufficient, in this case, to say that it does, in certain contingencies, authorize other counsel than the Attorney General to act for the Auditor and the State, and that from the documents before us, without objection, the counsel who acted in obtaining and bringing up the appeal in this instance appear to have been duly authorized to do so; and further, that when an appeal has once been taken the consent of the parties thereto is ineffectual to dismiss it without the action thereon of this court.

Under these circumstances the said appeal is still pending in this court, and the lower court is unquestionably exceeding its jurisdiction in attempting to execute the judgment.

It is therefore ordered that the prohibition herein be made perpetual.