## No. 4490.

### John I. Adams *v.* Asa Webster.

A motion for a new trial can not be refused "with a view of allowing the Supreme Court to pass upon the rights of the parties, under the conviction that it is more than useless to put the parties to additional and unnecessary expense by submitting the case to another jury which would be composed as the one which tried the case under existing laws."

This mode of proceeding and such strictures made in advance on the jury to which it might be submitted, can not be sanctioned.

Where the judge in a lower court is satisfied that the verdict of a jury is wrong, it is his duty to grant a new trial and not indirectly deprive the party of a trial by jury, by rendering what he believes to be an improper and unjust judgment with the view of having it revised on appeal. It might be that the verdict, on a second trial, would prove satisfactory to both parties.

APPEAL from the Fifteenth District Court, parish of Lafourche. *Beattie,* J. Trial by jury. *Goode & Bush,* for plaintiff and appellant. *Jourdan,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Morgan.

Howell, J. This is a suit on two promissory notes made by defendant, Webster, to the order of and indorsed by one J. F. Thompson, and secured by mortgage on certain property in the town of Thibodaux, sold by Thompson to Webster on the twentieth of November, 1865. The defense is that said notes are the property of defendant; that Thompson and the plaintiff were commercial partners from 1864 till recently; that at, before and after the maturity of said notes, Thompson had in his hands money and proceeds of cotton,

8

amounting to $5440 of defendant's, deposited from October 6, 1865, to the institution of this suit, as per account annexed, which he refuses to pay; that Thompson having these notes in his hands should have canceled them as the most onerous debt; that Thompson held the said notes and the said deposit as partner or agent of plaintiff; that if they were transferred to Adams, it was long after their maturity and they are subject to equities. He pleads compensation and prays judgment in reconvention for the cancellation of the notes and for the difference between the amount of the said notes and the deposit, and propounds interrogatories on facts and articles to plaintiff.

The case was tried before a jury, and the plaintiff having introduced in evidence his own answers to interrogatories, the two notes, the act of sale from Thompson to Webster, the defendant; the answer, amended answer and exception of defendant; his affidavit for a jury and his demands in compensation and reconvention, a verdict was rendered in favor of defendant and judgment accordingly given thereon. Plaintiff made a motion for a new trial, in which he suggested that as juries are composed under existing laws he could not "expect any change as to the future verdict of any jury which may be impanneled hereafter to try the case;" upon which the judge a quo remarked, "the motion for a new trial would undoubtedly be granted, but the court has refused the new trial with a view of allowing the Supreme Court to pass upon the rights of the parties, under the conviction that it is more than useless to put the parties to additional and unnecessary expense by submitting the case to another jury, which would be composed as the one which tried the case under existing laws."

We can not sanction this mode of proceeding or the above stricture on the laws relative to juries and the censure in advance of a jury to which the case might be submitted. When the judge in the lower court is satisfied that the verdict of a jury is wrong, it is his duty to grant a new trial, and not indirectly deprive the party of a trial by jury, by rendering what he believes to be an improper and unjust judgment with the view of having it reversed on appeal. It might be that the verdict on a second trial would prove to be satisfactory to both parties. In this case the application for a new trial should have been granted, and the case for this reason must be remanded. An examination into the record convinces us also that the ends of justice will be subserved by remanding it.

It is therefore ordered that the judgment and verdict herein be set aside and reversed, and that this case be remanded to the lower court to be proceeded in according to law, costs of appeal to be paid by appellee.

Rehearing refused.