Adams, administrator, *vs*. Beall, ordinary.

Before an administrator is entitled to have an appeal from a decision of the ordinary on his annual return, made *ex parte*, entered and sent up to the superior court, he must pay the costs and give security for future costs; in such a case, an appeal *in forma pauperis* will not be allowed.

Administrators and executors. Appeals. Before Judge Buchanan. Heard Superior Court. September Term, 1877.

Reported in the opinion.

B. H. Bigham; F. S. Lofton, for plaintiff in error.

No appearance for defendant.

Jackson, Judge.

This was a motion to make absolute a rule *nisi* to the ordinary of Heard county requiring him to show cause why he did not enter and send up to the superior court an appeal made by the administrator from a decision of the ordinary.

The ordinary showed for cause that the appeal was not entered and sent up, "because said Adams had not complied with the requisitions of the Code of Georgia on the subject of appeal from the court of ordinary; that he finds no provision of law for appeals *in forma pauperis* from decisions rendered in said court, since the adoption of the Code of 1863, the provisions of which, on this subject, are retained in Irwin's Revised Code, and in the Code of 1873."

The ordinary's answer also showed that the order *nisi*

for *mandamus* stated correctly the facts, and the fact of any consequence therein is, that the decision the ordinary had made, from which the appeal was asked, was "a decision on the annual return of William Adams, as administrator on the estate of Benjamin D. Hagan, deceased," but without alleging what that decision was. So the petition, too, sets it out without more.

The question made here is, was the superior court right to refuse the *mandamus*, inasmuch as the administrator did not pay the costs and give bond for future costs, under the statute; or, in other words, can an administrator take an appeal for his own benefit from the judgment of the ordinary against him on some matter connected with his return *in forma pauperis?*

Section 3622 of the Code, which allows "executors, administrators and other trustees, when sued as such, or defending solely the title of the estate," to appeal *in forma pauperis*, does not cover it; and it only remains to inquire whether section 3623, which prescribes that "any party plaintiff or defendant in any suit at law," may appeal *in forma pauperis*, applies to an administrator in a case like this. The words of the statute do not cover such a case, for the section says, "shall be unable to pay costs and give security *as hereinbefore required*," while the next section, 3624, coming *after* section 3623, declares that "in all cases in the court of ordinary, the party desiring to appeal  .  .  .  shall pay all costs that may have accrued, and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal."

Again—this was no suit. This administrator was no party to any suit, so far as this record shows. Nobody was suing him, and he was suing nobody. He was neither plaintiff nor defendant. He made a return as administrator *ex parte;* the ordinary made some decision about it, the exact character of which the administrator does not by his bill of exceptions show us; and the court below held, that before he could appeal he must pay costs and give security for fu-

ture costs about the appeal. We think that the court held correctly, and affirm the judgment.

Judgment affirmed.