Fite *et al. v.* Black, ordinary.

1. Prohibition is the proper remedy to prevent the ordinary from proceeding further, pending an appeal from that court to the superior court.
2. Appeals by affidavit *in forma pauperis* may be taken from judgments rendered by the court of ordinary since section 3623 of the code was amended by the act of 1879.
3. The amending act of 1879 describes both the law amended and the alteration made, sufficiently to satisfy the constitutional requirement on that subject.
4. When an executor is proceeded against under section 2447 of the code for mismanagement, he is required to show cause specifically "why he should not give bond and security for the faithful execution of his trust"; whereas, the citation contemplated by section 2511 is to "answer to such charge." The proceeding in the present case was under the former section, not under the latter; consequently, the proviso in section 3611 requiring bond and security to be given in order for an appeal to operate as a *supersedeas*, does not apply.

May 7, 1890.

Prohibition. Courts. Practice. Ordinary. Appeal. Statutes. Constitutional law. Executors. Before Judge Milner. Gordon county. At chambers, January 6, 1890.

Reported in the decision.

J. C. Fain E. J. Kiker and R. J. & J. McCamy, for plaintiffs.

W. K. Moore and T. C. Milner, for defendant.

Bleckley, Chief Justice.

The ordinary issued a rule *nisi* directed to the executors of J. M. Fite, reciting that they had been guilty of mismanaging the estate of their testator in certain specified particulars, and ordering that they show cause " why they should not give security for the execution

of said J. M. Fite's will." They answered the rule, and after a hearing in term, the ordinary passed an order requiring them to give bond and security in the sum of $10,000 by a given day, and that on their failure to do so a further order be taken revoking their letters testamentary. The executors entered an appeal to the superior court *in forma pauperis.* Pending this appeal the ordinary, conformably to the order appealed from, passed another order in term, reciting the failure to give bond and security as required, and adjudging that the letters testamentary be revoked. From this order also the executors entered an appeal to the superior court *in forma pauperis.* Pending both these appeals the ordinary ordered that citation issue and be published in terms of the law, requiring all persons interested to show cause at the following January term of his court why administration *de bonis non* with the will annexed on said estate should not be vested in John Hill, public administrator of the county, or some other fit person. The executors petitioned the superior court for an order prohibiting the ordinary from proceeding further " till the disposition of said cases so appealed to the superior court." This petition was heard by the judge of the superior court on the 6th of January, 1890, and the application was denied, upon the ground that " under the facts set out in the certified record exhibited to movants' petition, there had been no valid appeal taken from the decision of the ordinary upon his order revoking the letters testamentary of movants, they having no right to appeal from said decision by filing an affidavit *in forma pauperis* as they had done; and there being no valid appeal entered, there was a vacancy in the representation of said estate, and the ordinary had the right and it was his duty to fill said vacancy by appointing an administrator." The error assigned is in refusing the writ of prohibition. No point was

made in the argument as to the form of the prayer, which no doubt is defective, but the prayer is amendable.

Dealing with the case upon its merits, we are to determine whether the law as applied to the facts would entitle the executors to a writ of prohibition.

1. Mr. High, in his treatise on Extraordinary Legal Remedies, §789, says: " Prohibition is the appropriate remedy pending an appeal from an inferior to a superior court, to prevent the former from exceeding its jurisdiction by attempting to execute the judgment appealed from." For this position he cites State *v.* Judge, 21 La. Ann. 735, and State *v.* Judge, 24 La. Ann. 598. See also State *v.* Judge, 25 La. Ann. 113; State *v.* Judge, *Id.* 152. These cases are in point and sustain the text; but apart from their authority, we think the position sound on principle, for "the office of the writ of prohibition in this State is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which under the constitution and laws of the State it has been entrusted." *Doughty* v. *Walker*, 54 *Ga.* 596; Code, §3209(a). These executors, pending their appeals in the superior court, could resort to no remedy save this writ, to prevent the ordinary from treating his own judgment as final and going on to execute the same as he was proceeding to do, by appointing an administrator *de bonis non* with the will annexed.

2. It is contended, however, that the appeals were not and could not be duly entered without first paying all costs that had accrued, and giving bond and security to the ordinary for such further costs as might accrue by reason of the appeal, thus complying with section 3624 of the code. This point would certainly be well taken were it not for the amending act of September 24th, 1879 (Acts 1878-9, p. 65); for prior to that act, as ruled

by this court in *Adams* v. *B᷎all,* 60 *Ga.* 325, compliance
with section 3624 would be indispensable. It was
doubtless to meet this decision that the amending act
was passed. Reading section 3623 as enlarged by this
amending act, it now reads as follows : "When any
party, plaintiff or defendant, in any suit at law (or pro-
ceeding in the court of ordinary), shall be unable to
pay costs and give security as hereinbefore required, if
such party will make and file an affidavit in writing
that he is advised and believes that he has good cause
of appeal, and that owing to his poverty he is unable
to pay the costs and give the security required by law
in cases of appeal, such party shall be permitted to en-
ter an appeal without the payment of costs or giving
security as hereinbefore required." There can be no
doubt that the object of the amendment was to enable
parties litigating in the court of ordinary to appeal *in
forma pauperis* just as litigants in other courts are ena-
bled to do. The affidavits made by these executors are
in the terms required by the section of the code just
recited. The amendment of that section modifies the
sweeping terms of the succeeding section, for it could
not have been the intention of the legislature to give
the right of appeal *in forma pauperis* and still require
the payment of costs and giving of bond and security
in all cases in the court of ordinary, but only in cases
in which the requisite affidavits to appeal *in forma pau-
peris* might not be made. Such was the case of *Hick-
man* v. *Hickman,* 74 *Ga.* 401, the transcript of the record
in which we have examined, and find that the executor
appealing, instead of making an affidavit *in forma pau-
peris,* entered his appeal in these terms :

"And now comes the defendant, A. C. Hickman, Jr.,
executor, and being dissatisfied with the judgment ren-
dered in the above case, as a matter of right enters
this his appeal from said judgment within four days

from the rendition of said judgment, that said case may be transferred to the next superior court of said county. This January 6th, 1882.    A. C. Hickman, Jr., Executor."

Of course such an appeal was insufficient. It was dismissed by the superior court, and the judgment dismissing it was affirmed by this court.

3. But the amending act of 1879 was attacked in argument here as invalid for want of conformity to the constitution, which declares : " No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." To bring this question into clear light, both the title and the body of the act of 1879 are here presented *verbatim* :

"An act to amend section 3623 of the code of 1873 by adding after the words ' in any suit at law,' in the second line thereof, the words, ' or proceeding in the court of ordinary.'

" Section 1. Be it enacted by the General Assembly that from and after the passage of this act, section 3623 of the code of 1873, which provides for appeals *in forma pauperis*, be amended by adding after the words ' in any suit at law,' in the second line thereof, the words, ' or proceeding in the court of ordinary.'

" Section 2. That all laws or parts of laws in conflict with this act be, and the same are, hereby repealed."

Certainly this is a very doubtful compliance with the requirement of the constitution. The description of the law to be amended is very brief, but still it is a description by something more than a mere reference to the section of the code, for the act says that the section provides for appeals *in forma pauperis*, and this is what the section does provide for. The alteration is also described. It consists of adding the words "or proceeding in the court of ordinary" to the words "in any suit at law," in the second line of the section. The

v. 85-27

description, though brief, is distinct, as far as it goes; and whilst we have grave doubts of its sufficiency, we are not prepared to hold that it is insufficient. Indeed we are convinced that this part of our statute law as it now stands is as clear and certain as the great mass of the statute law of the State. Nothing is required to understand fully the effect wrought upon the section amended by the amending act but reading the two together with ordinary attention. Were the requirements of our constitution like those of some of the constitutions referred to by Cooley and Stimson, this amendment could not be upheld. Cooley Const. Lim. 151 and notes; Stim. Am. Stat. L. §308. But our constitution, it will be observed, requires only *description*, not *transcription;* and while the description must be distinct, there is no requirement that it shall be lengthy or extended  Under the rule that no statute is to be upturned on mere doubt, we hold that the amending act is constitutional.

4. The next question is whether the appeals suspended the judgments appealed from; and on this question we are free from all doubt; for the proceeding against the executors was under section 2447 of the code, and not under section 2511. This will be seen from comparison of the two sections with the rule *nisi* by which the proceeding was commenced. Section 2447 is as follows:

"An executor is not required to give bond on quali-. fication, but the ordinary, on his own motion, or upon the representation of any person in interest, that an executor is mismanaging the estate, or is about to remove it without the State, may require such executor to show cause why he should not give bond and security for the faithful execution of his trust, and on failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate. The executor who has given bond shall stand on the same footing and be liable

to all the rules and regulations hereinafter prescribed in reference to the bonds and sureties of administrators."

And section 2511 is in these words :

"Whenever the ordinary knows, or is informed by any person having an interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as, in his judgment, is expedient under the circumstances of each case."

It will be noticed that both sections treat of mismanagement, but the former alone provides for requiring the executor to show cause why he shall not give bond and security for the faithful execution of his trust, whereas the latter requires the administrator to be cited to answer to the charge, whatever it may be, against him. . The rule *nisi* in the present case did not cite the executors to answer any charge, but to show cause why they should not give security for the execution of their testator's will. Manifestly, therefore, the proceeding was under the former section and not under the latter. Hence the proviso in section 3611 does not apply, that proviso being that "whenever an appeal shall be taken from a decision of the ordinary made under section 2511 of this code, such appeal shall not operate as a *supersedeas* unless the executor or administrator shall first give a good and sufficient bond, payable to the ordinary and his successors in office, in such sum as the ordinary may require (not exceeding the amount of the estate in the hands of the administrator), conditioned to pay all costs and damages that may accrue to the estate pending the appeal."

We hold, therefore, not only that the appeals were legally entered, but that they each operated as a *supersedeas* to the judgment of the ordinary. The result is that, taking the facts in record before us as true, the executors were entitled to a prohibition to restrain the ordinary from proceeding further pending the appeals, and that the judge of the superior court erred in not making the proper order to that end at the hearing of this application.  *Judgment reversed.*