STRONG, ordinary, *et al. v.* LaGRANGE MILLS *et al.*

1. Sections 4764 and 4765 of the Civil Code, providing the manner in which a nuisance caused by a " mill-dam, or other obstruction to a watercourse," may be abated, have no application unless the dam complained of as a nuisance was erected and is being used as a means of supplying water-power in operating "a grist or saw mill, or other water-machinery of valuable consideration."

2. It follows that these sections do not confer upon the ordinary any jurisdiction or authority in a case where the dam alleged to be a nuisance was erected for purposes merely incidental to the operation of a manufacturing establishment, the machinery of which is propelled by steam.

Argued October 6, — Decided October 30, 1900.

Prohibition. Before Judge Harris. Troup superior court. August 2, 1900.

*M. F. McLendon* and *D. J. Gaffney*, for plaintiff in error.
*Longley & Longley*, contra.

LEWIS, J. It appears from the record that the LaGrange Mills, a corporation, in 1889, built a small rock dam across an arm of a creek within the incorporate limits of the City of LaGrange, in order to procure water for its boiler, with which to operate a cotton-mill, the entire machinery being run by steam-power. Baugh and Ware filed their petition with the ordinary of Troup county on July 23, 1900, claiming that the dam was a nuisance, and praying that a jury be empaneled by the ordinary to try the question of nuisance, and that the dam be abated, as provided in Civil Code, §§ 4764–5. The ordinary issued an order to empanel a jury, and set the cause for trial on August 4, 1900. On July 26 the defendant moved the ordinary to revoke his order, on the ground that the municipal authorities of LaGrange had full and exclusive jurisdiction over nuisances and their abatement within the city, and that the ordinary had no jurisdiction over this alleged nuisance. This motion was overruled by the ordinary, who held that he did have jurisdiction. Whereupon defendant filed a petition to the superior court of Troup county for a writ of prohibition, claiming therein that the ordinary had no jurisdiction whatever to summon the jury, or to hear and determine the issue as to whether or not the dam in question was a nuisance and should be abated, but that this jurisdiction was lodged exclusively in the mayor and council of La-Grange, who stood ready and willing to abate this nuisance if the

same should be found to exist, which was denied by the petition. A writ of prohibition directed to the ordinary was prayed for by petitioner, commanding him to desist and refrain from hearing the case, or empaneling a jury to try the same. To the petition were attached copies of certain acts of incorporation of the City of La-Grange giving the mayor and council of that city, among other things, full power and authority to pass all regulations or ordinances necessary and proper for the security, welfare, and interest of the city, or to preserve the peace, health, morals, order, and good government of the same. In the charter was a provision creating a sanitary committee, whose duty it was to report to the mayor and council at each regular meeting the sanitary wants and needs of the city for the best preservation of the health of the citizens thereof, and to recommend the abatement of all nuisances likely to create sickness or pestilence. This petition, after due service thereof, was heard by the judge on August 2, 1900, when he rendered the following judgment: "Upon hearing within application, it is ordered by the court that J. B. Strong, ordinary of Troup county, be and he is hereby prohibited from empaneling and serving a jury and trying the question of whether or not the dam of the LaGrange Mills is a nuisance, on the ground that the nuisance complained of is neither a grist or saw mill or other water-machinery of valuable consideration." Upon this judgment error is assigned.

The single question involved in the present case is whether or not the ordinary of Troup county is clothed by law with the jurisdiction to abate a nuisance of the character indicated. Under Civil Code, § 4764, it is provided: "If the nuisance complained of is a grist or saw mill, or other water-machinery of valuable consideration, the same shall not be destroyed or abated except upon the affidavit of two or more freeholders, before the ordinary of the county in which the nuisance complained of may exist, testifying that the health of the neighborhood, according to their opinion and belief, is materially injured by such mill-dam, or other obstruction to a watercourse by other machinery, as may be complained of; whereupon it shall be the duty of such ordinary, as soon as practicable, to cause a jury of twelve men to be summoned by the sheriff, or his deputy, for the trial of the cause." The following section (§ 4765) provides that when the nuisance complained of is a grist or saw mill or other water-machinery of valuable consideration, and appli-

cation has been made to have such nuisance abated, the ordinary shall procure a jury to serve in the trial of such a case.    It is manifest that, under the provisions of this law, jurisdiction is given the ordinary to abate a nuisance complained of, if the same is a grist or saw mill, or other water-machinery of valuable consideration. By water-machinery evidently is meant such machinery as is operated by water-power, and hence the language of the act can have no application to the dam, machinery, or other works sought to be abated in this case.    It appears from the record that the dam was constructed by the LaGrange Mills for the incidental purpose of supplying a sufficient quantity of water with which to run the engines of the company, which was engaged in the business of operating a cotton-factory.    This factory was not run by water-power at all but entirely by steam.    It was, therefore, not a mill-dam constructed for the purpose contemplated by Civil Code, § 4764; for the mill-dam therein referred to is such as is constructed for the purpose of concentrating and controlling a pond of water of sufficient quantity to operate a grist or saw mill, or other machinery run entirely by water-power.    This court has even decided that Civil Code, § 4764, does not necessarily give the ordinary exclusive jurisdiction to abate such nuisances as are therein contemplated.    In *Mayor* v. *Minor,* 70 *Ga.* 191, it was held that the municipal authorities of the town of Montezuma had full power to abate a nuisance on the report of the board of health, although such nuisance consisted of a mill and machinery run by water; and that a prior general law providing for the abating of such nuisances did not prevent the legislature from conferring a power to abate them within a town on the municipal authorities thereof in 1871.    But the conclusive reply to the jurisdiction of the ordinary in this case is that there is no law giving him any authority whatever to abate a nuisance of this character; and we think, therefore, the court did right in granting the order prohibiting him from assuming such jurisdiction.    We think there can be no question that the municipal authorities of LaGrange have, under the provisions of the charter of that city, which appears in the record, authority to institute proceedings for the purpose of abating this or any other nuisance within the incorporate limits of the city, to prevent such evils as are complained of in the petition filed by plaintiffs in error.    Aside from the provisions in the charter of La-Grange, we think this case more naturally and properly falls with-

in the provisions of Civil Code, § 4762, which declares : "If a nuisance complained of exists in a town or city under the government of a mayor, intendant, . . such nuisance . . may be abated and removed by order of said mayor." The other section, as already seen, refers to grist or saw mills or other water-machinery; and, at the time of the passage of that act, it contemplated such machinery as was generally used in the country, such as grist and saw mills operated by water. We doubt very much whether the legislature ever contemplated giving the ordinary jurisdiction over nuisances arising in cities under control of municipal powers, particularly when they were especially charged by charter with the duty and power of abating all nuisances within their incorporate limits.

*Judgment affirmed. All concurring, except Little, J., absent.*