### MEADOR, ordinary, *v.* CENTRAL GEORGIA POWER COMPANY.

1. Where a dam was erected across a stream in a certain county for the purpose of generating electric power and producing lights, and water was backed up in the stream and its tributaries so as to extend into another county, the ordinary of the latter had no jurisdiction to proceed summarily, under Civil Code (1910), § 5333, for the purpose of abating the alleged public nuisance so caused.
2. Where such ordinary, upon affidavit of certain freeholders, was taking steps to cause a jury to be summoned and to try the question of the existence of the alleged public nuisance, there was no error in the granting by the superior court of a writ of prohibition to prevent him from proceeding further.
DECEMBER 13, 1911.

Prohibition. Before Judge Roan. Newton superior court. October 14, 1911.

*Rogers & Knox,* for plaintiff in error.

*Walter T. Johnson* and *Greene F. Johnson,* contra.

LUMPKIN, J.   The Central Georgia Power Company built a dam across the Ocmulgee river in Jasper and Butts counties, for the purpose of generating electricity by water, to be used in lighting towns and cities, and supplying light, heat, and power to railroads and the public generally.   Certain residents of Newton county instituted proceedings before the ordinary of that county, under the Civil Code (1910), § 5333, providing for abating a public nuisance in certain cases, alleging that the dam caused water to back up in the Ocmulgee river and its tributaries in Newton county, and created a public nuisance.   The ordinary was proceeding to summon a jury and have a trial of the question, when the superior court of the circuit granted a writ of prohibition, and he and the movants before him excepted.

1.   The section of the code under which action was sought to be taken declares that "If the nuisance complained of is a grist or saw mill, or other water machinery of valuable consideration, the same shall not be destroyed or abated, except," etc.   Evidently this contemplated abating or destroying the dam or machinery itself, in a proper case, as the cause of the injury, not merely seeking to attempt to abate the back water resulting from a dam in another county.   Section 5340, touching the fees of the sheriff for summoning a jury and for removing "any nuisance, machinery, or mill-dam," sustains this view.   The proceeding to abate a public nuisance in the manner provided is a summary remedy, and the law must be strictly construed.   The ordinary of Newton county had no jurisdiction over abating or destroying as a nuisance a dam or machinery in another county, if it should be held to be a nuisance.   Authorities cited as to the venue of an indictment for creating a nuisance by polluting a stream, or as to actions by individuals damaged by the casting of foul matter upon their property, are not applicable to the summary abatement of a public nuisance under the statute.

2.   It follows from what has been held above, that the writ of prohibition furnished a proper remedy to stay further action by the ordinary of Newton county.   *South Carolina R. Co.* v. *Ells,* 40 *Ga.* 87; *Doughty, Pearson & Co.* v. *Walker,* 54 *Ga.* 595; *Fite* v. *Black,* 85 *Ga.* 413 (11 S. E. 782); *Strong* v. *LaGrange Mills,* 112 *Ga.* 117 (37 S. E. 117); *Ormond* v. *Ball,* 120 *Ga.* 916 (12) (48 S. E. 383); *McGriff* v. *State,* 135 *Ga.* 259 (69 S. E. 115).   In

*Turner* v. *Mayor etc. of Forsyth,* 78 *Ga.* 683 (3 S. E. 649), the attack was rather upon the validity of a municipal ordinance of a penal character than upon the jurisdiction of the court to pass upon it.

Other questions have been argued, such as whether the dam and machinery of the plaintiff in error fell within the description of the statute sought to be enforced; and whether, under the legislative authority to erect such structures for furnishing lights and power to the public, it could be declared that they were nuisances *per se,* if properly constructed and operated, whatever might be the rights of persons suffering consequential damages therefrom. But, as we have held that the ordinary of Newton county had no jurisdiction to deal with the matter at all, we deem it unnecessary to discuss what should be the ruling of a court of competent jurisdiction.

*Judgment affirmed. All the Justices concur.*