## FORESTER *v.* CAMP, sheriff.

1. Under section 3094 of the Civil Code of 1910, the payment of costs and giving bond and security for all future costs and damages is a prerequisite to entering an appeal to the superior court from the return of the committee and judgment of the ordinary thereon, under sections 3092 et seq., to determine whether the person named in the commission is subject to be committed to the State Sanitarium.

(a) Section 3094 of the Civil Code of 1910 is not modified by section 5010, so as to allow an appeal to the superior court without paying costs and giving bond by one who has been declared a lunatic, and who has made a pauper affidavit that owing to poverty he is unable to pay the cost or give security as required by law.

(b) Whether habeas corpus is an available remedy in a case like the instant one is not decided.

2. The court did not err in denying the writ of habeas corpus.

APRIL 12, 1916.

Habeas corpus. Before Judge Brand. Barrow superior court. July 3, 1915.

*L. C. Russell,* for plaintiff.　*G. A. Johns,* for defendant.

Hill, J.　C. C. Church made affidavit that W. J. Suttles was a lunatic and had no guardian, and that the public safety required that he should be no longer left at large.　Pursuant to the law in such cases, the ordinary of the county issued the usual commission of inquiry, and the commissioners so appointed, after an examination and inspection of Suttles and after having heard evidence, found that he was a fit subject for the State Sanitarium; and the ordinary, in accordance with the findings, ordered that Suttles be committed to the State Sanitarium.　Suttles was then taken in charge by the sheriff of the county.　Within the time prescribed for an appeal, Suttles, through his attorney, presented a pauper affidavit, alleging that he was unable to pay the costs or give the bond required by statute, which affidavit the ordinary refused to accept, for the reason stated, that the cost was not paid and bond given as required by law.　The writ of habeas corpus was then sued out before Judge Brand by the mother of Suttles, acting as his next friend.　Upon the hearing the judge refused the writ, upon the ground that the proceeding was before "the ordinary. and not before the court of ordinary, and that the pauper's affidavit tendered by the applicant did not operate as an appeal under section 3094 of the Code of 1910, and because section 3094 was not complied with by paying the cost and giving the bond as therein required."

Counsel for the plaintiff contends that section 5010 of the Civil Code of 1910 should be considered in connection with section 3094, and that under the former section the pauper affidavit should have been received by the ordinary.　Section 3094 is as follows: "The applicants for a commission, or the person for whom the guardianship is sought, or any friend or relative for him, dissatisfied with the return of the committee, may, upon paying all costs, and giving bond and security for all future costs and damages, within four days after the report has been acted on by the ordinary, enter an appeal to the superior court of the county, where the issue shall be submitted to a special jury, selected as in other cases, but the guardian appointed by the ordinary shall act as such pending the

4

litigation." And section 5010 provides: "When any party, plaintiff or defendant, in any suit at law or proceeding in the court of ordinary, shall be unable to pay costs and give security as hereinbefore required, if such party will make and file an affidavit in writing that he is advised and believes that he has good cause of appeal, and that owing to his poverty he is unable to pay the costs or give the security required by law in cases of appeal, such party shall be permitted to enter an appeal without the payment of costs or giving security, as the case may be, as hereinbefore required: Provided, that this section shall not apply to proceedings pending in the court of ordinary or in the superior court on the appeal from the court of ordinary on the 15th day of December, 1900." We think it is immaterial whether this case was one tried by the ordinary or the court of ordinary. Section 3094 is based on the act of 1834, and the legislature was then dealing with procedure before the ordinary and the court of ordinary. The technical distinction between the "ordinary" and the "court of ordinary" is immaterial, in the view we take of the case. The result is the same in either event. The act of 1834 made no distinction between the procedure, whether it was before the ordinary or before the court of ordinary. The act of 1834 (embodied in Civil Code 1910, §§ 3092 et seq.) was an unusual one, and provided for unusual proceedings. The proceedings can be commenced by the affidavit of "any person," and the appeal provided for is at the instance of "the applicants for a commission, or the person for whom the guardianship is sought, or any friend or relative for him," upon paying all costs and giving bond and security for all future costs and damages. Civil Code, § 3094. The act of 1842 (now embodied in the Civil Code, § 5010) was passed without any reference to the act of 1834 whatever, so far as appears from the act itself, and provides for a pauper affidavit in cases where "any *party,* plaintiff or defendant, in any suit at law or proceeding in the court of ordinary" shall be unable to pay costs or give security, etc. We do not think the act of 1842 modified the act of 1834, as contended. Stress is laid on the fact that the words "in any courts of this State" were left out of the codes carrying the act of 1842. The two acts related to two different matters. The legislature had the power to, and did, provide how appeals could be taken in cases arising under the act of 1834. That act has not been materially

changed or modified from that day to this. It has been carried forward in all the codes practically as it was enacted in 1834, and no subsequent act has expressly made reference to it so far as amending this provision with respect to appeals is concerned. The act of 1879 (Acts 1878-9, p. 65), adding the words "or proceeding in the court of ordinary" to section 3653 of the Code of 1873 (now § 5010 of Code of 1910), was probably passed to meet the decision in the case of *Adams* v. *Bell,* 60 *Ga.* 325, where it was held that compliance with section 3624 of the Code of 1873 is indispensable, that is, that the party desiring to appeal from the court of ordinary shall pay all costs that may have accrued and give bond and security to the ordinary for such further costs as may accrue by reason of the appeal. See *Fite* v. *Black,* 85 *Ga.* 413, 416 (11 S. E. 782). But the two acts stand separate and distinct, and refer to separate and distinct classes of cases and procedure; and there is not the remotest suggestion in any of the acts of the legislature passed subsequently to the act of 1834 that that act was to be modified in the manner suggested. If it had been the purpose of the legislature to amend or modify it, one line of reference to it would have been sufficient. But that has never been made; and we think the court below was right in denying the writ of habeas corpus, because the provisions of the act of 1834 had not been complied with.

It is not necessary to consider whether the writ of habeas corpus is a proper remedy in a case like the present, inasmuch as the attorneys for both parties filed a written agreement submitting the case, wherein they stipulated that "the only issue to be determined in this writ of habeas corpus is whether the pauper affidavit will entitle the said W. J. Suttles to appeal to a jury in the superior court of Barrow county, by filing pauper's affidavit in lieu of bond and cost being paid." See, in this connection, *Reagan* v. *Powell,* 125 *Ga.* 89 (53 S. E. 580). The court did not err in denying the writ of habeas corpus.

　　　　　　*Judgment affirmed.　　All the Justices concur.*