## 11190.   RAFFAELLI *v.* RAFFAELLI.

JENKINS, P. J.   1. This case having, by appropriate order of the Supreme Court, been transferred from that court to this court, its action is equivalent to a holding that no constitutional question is properly raised and presented for determination by the record.

2. The principal remaining contention made by the plaintiff in error was specifically ruled upon in the case of *Forester* v *Camp,* 145 *Ga.* 48 (88 S. E. 575), wherein it was held that "Under section 3094 of the Civil Code of 1910, the payment of costs and giving bond and security for all future costs and damages is a prerequisite to entering an appeal to the superior court from the return of the committee and judgment of the ordinary thereon, under sections 3092 et seq., to determine whether the person named in the commission is subject to be committed to the State Sanitarium. . . Section 3094 of the Civil Code of 1910 is not modified by section 5010, so as to allow an appeal to the superior court without paying costs and giving bond by one who has been declared a lunatic, and who has made a pauper affidavit that owing to poverty he is unable to pay the cost or give security as required by law."

3. The record discloses nothing that would bring this case within the rulings made by the Supreme Court in *Short* v. *Cohen,* 11 *Ga.* 39, *Lyner* v. *Jackson,* 20 *Ga.* 773, or *Holt* v. *Edmondson,* 31 *Ga.* 357, to the effect that a substantial compliance with the provisions of law was shown in those cases.   In the instant case nothing appears which could be taken to indicate that the action of the clerk in any wise hindered or misled the appellant in any bona fide effort on his part to comply with the provisions of the statute.   Here no bond was given, and there was no attempt to pay costs; on the contrary, the appeal was in fact attempted in forma pauperis.   The action by the court below in dismissing the appeal is

> *Affirmed. Stephens and Smith, JJ., concur.*
> DECIDED AUGUST 13, 1920.

Writ of lunacy — appeal; from Bibb superior court — Judge Mathews.   July 22, 1919.

Application for certiorari was denied by the Supreme Court.

*Grady Gillon, D. L. Churchwell,* for plaintiff in error.
*Ross & Ross,* contra.