No. 9.—CALEB TOMPKINS, plaintiff in error, vs. N. J. VEN-
ABLE, defendant in error.

[1.] Where it was shown that material words were wanting in an affidavit.
for the appeal of a case *in forma pauperis*, a motion was made to supply
those words by amendment, and it was shown that they had probably been
omitted by mistake: *Held*, that the record might be amended in this
respect.

Case for words, in Cass Superior Court. Decision by
Judge TRIPPE, September Term, 1855.

A verdict was rendered against Caleb Tompkins for $2.000,
and he appealed *in forma pauperis*. The affidavit, as record-
ed was, " that he was unable to give the security as now re-
quired by law, in cases of appeal; that he is advised and be-
lieves, that owing to his poverty, he is unable to give security
as now required by law." A motion being made to dismiss
the appeal, Counsel for Tompkins moved to amend the record,
by inserting the words omitted, and in support of this motion,
produced the affidavit of *James Milner*, an Attorney, who
swore " that Tompkins brought to him an affidavit as a pau-
per, and upon looking over the same with some care, he stated
to Tompkins that it was correctly drawn, and that he believes
it was correctly drawn and in compliance with the Statute."
Also of *John J. Word*, an Attorney, that " some one brought
to him an affidavit as a pauper for his inspection, and upon
looking over it he stated to said person that it was correctly
drawn, and he believes it was drawn in conformity with law."
Also his own affidavit, " that he procured the Clerk to write the
affidavit for him ; that he carried it to Col. Word and Col.
Milner, and both told him it was correct; and that he then
delivered it to the Clerk ; that in fact, he was, at the time,
unable to appeal, from his poverty, and he was advised, and
did believe, he had good cause for an appeal; and that from

his poverty he was unable to give the security required by law."

The Court dismissed the appeal, and this decision is assigned as error.

WRIGHT, for plaintiff in error.

PARROTT; HULL, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] This is just one of those cases in which we have so often decided that amendments may be made.

We suppose from the argument, that the Court below put his decision upon the ground that the affidavit not being properly entered, there was no appeal; and if there were no appeal, there was no case in Court, and nothing by which to amend. But this was a mistake.

The record shows that the appellant did all which was reasonable and diligent on his part, in order to have his appeal properly entered; and that his original affidavit was probably rightly drawn. If it were not so entered on the minutes, it was not his fault, but the fault or mistake of the Clerk. The attempt was made, therefore, to have the appeal entered rightly, and if it were not so done by mistake, the law will consider that done which was intended to be done, and permit an amendment which will cure the error, if offered within any reasonable time.

We have, in effect, decided this point in several cases. In the case of *Little vs. Ingram*, (16 *Ga. Rep.* 194,) we went so far as to hold, that an amendment, *nunc pro tunc*, would be allowed, even after judgment, where process had been waived before the Clerk, and he authorized to make an entry accordingly, but which that officer had failed to do. See that case for our views more at large upon the point.

Let the judgment be reversed.