Hines vs. Rosser.

ELIAS D. HINES, plaintiff in error, vs. ELIJAH ROSSER, and others, defendants in error.

An affidavit filed under what is usually termed the Pauper Act is not traversible.

In Equity, from Harris county.   Decision by Judge WOR-RILL, at October Term, 1858.

This was a bill filed by Elijah Rosser, and others, against Elias D. Hines, for discovery, account, and distribution.

Upon the trial, the jury found for the complainants $2,917 56, and the defendant Hines,   being dissatisfied with said verdict, entered an appeal, and made affidavit, as required by law, that he was advised and believed that he had a good cause of appeal, and that owing to his poverty, he "is unable to give the security required by law, in cases of appeal." This was at April Term, 1857.   The case was continued at October Term, 1857, and at April Term, 1858, by the defend-

ant. At October Term, 1858, counsel for complainants moved to dismiss the appeal, suggesting that defendant's affidavit, that he was not able from his poverty to give security, was not true, and tendered an issue to prove and verify said allegation. Defendant objected to joining issue on said suggestion, on the ground, that such issue was illegal and unauthorized by law.

The Court overruled defendant's objection, and ordered said issue to be made up. To which decision, defendant excepted.

Said issue being made up, under protest by defendant, he then proposed that the issue be tried by the Court. This the Court refused to do, but ordered the issue to be tried by the petit jury. To which order, defendant excepted.

A jury being thereupon empanneled to try said issue, the the same was continued on motion of defendant.

After the trial of said issue was continued, the following order, upon motion by complainant's counsel, was taken and entered on the minutes:

Elijah Rosser, and others,  
              vs.              } Bill, &c.  
Elias D. Hines.

The complainants having tendered an issue on the truth of the affidavit of defendant, on entering an appeal in this case, and the defendant's counsel having objected to joining in said issue, after hearing argument, it is ordered, that the objections so taken be overruled, and that defendant join in said issue.

To the passing of which order, defendant excepted. And thereupon tenders his bill of exceptions, assigning as error the foregoing rulings, orders and decisions.

INGRAM & RUSSELL, for plaintiff in error.

RAMSEY and DOUGHERTY, *contra.*

*By the Court.*—McDonald, J. delivering the opinion.

An affidavit to obtain an appeal under what is usually called the Pauper Act, is not traversible. Men's circumstances are best known to themselves, but the community are aware that often men in possession of large property are embarrassed to an amount more than its value, and yet it might be difficult to adduce proof from all the quarters from which it must come, to establish the fact before a jury. Men in such circumstances cannot give security, if they, as every honest man ought to do, disclose their actual condition to the persons to whom they apply to become their security.

If a party swears falsely to obtain an appeal, he may be indicted for perjury.

Judgment reversed.

Judge Benning did not preside in this case.