Scott *vs.* Turpin & Volker.

## SCOTT *vs.* TURPIN & VOLKER.

An appeal entered by a trustee under the Pauper Law ought to be dismissed when the affidavit states, that his inability to give security arises not from the poverty of the trust estate, but from his own poverty.

Motion to dismiss appeal, in Dougherty Superior Court. Decided by Judge ALLEN, at June Term, 1860.

Turpin & Volker brought an action against Henry A. Scott, as the trustee of his wife, Virginia A. Scott, to recover $121,99 alleged to be due them by account.

At the December Term, 1859, a verdict was rendered in favor of the plaintiffs for the amount sued for, from which judgment Henry A. Scott entered an appeal, by affidavit, in which he states: " That he is unable to pay costs and give security as now required by law, in cases of appeal ; that he is advised, and believes, that he has good cause of appeal, and that owing to his poverty, he is unable to pay the cost and give security, as required by law."

At the June Term, 1860, counsel for the plaintiffs moved to dismiss the appeal on the ground, that the affidavit did not show, that Scott's inability to pay cost and give security to enter the appeal was owing to the poverty of the trust estate in his hands, which the plaintiffs were seeking to make subject to the payment of their claim.

The presiding Judge sustained the motion and dismissed the appeal, and that decision is the error complained of.

STROZIER & SMITH, G. J. WRIGHT, VASON & DAVIS for plaintiff in error.

WARREN & WARREN, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

This was an appeal under the Pauper Law by a trustee. We think that the appeal was properly dismissed upon the ground, that the affidavit did not state that his inability to give security arose from the poverty of the trust estate.    It

stated that he was unable from his *own* poverty. If he had given security, it would have been *as trustee,* the security undertaking, not for him, but for the estate; and we don't see what his individual poverty had to do with the matter. The security would have become responsible for nothing but the eventual solvency of the estate, which might depend, to be sure, upon the fidelity of the trustee, but not at all upon his riches.

Judgment affirmed.