WILSON SAWYER, trustee, plaintiff in error, *vs.* A. J. CHENEY, defendant in error.

1. As, under section 3622 of the Code, a trustee has a right to appeal from a judgment against the assets of the trust estate, without pay-

ing costs or giving bond and security, it is error to dismiss his appeal in such a case because the appeal was entered on a defective pauper affidavit.

2. Where, subsequent to the argument of a case, it is discovered that a material portion of the record is wanting, under the act of February 26, 1877, the further consideration thereof will be postponed until a duly authenticated copy of the missing part is filed in the clerk's office of this court.—[R.]

Appeals. Trusts. Before Judge HALL. Upson Superior Court. May Term, 1877.

After the argument in this case had been concluded, it was discovered that the bill of exceptions recited that the appeal had been dismissed, but that no such judgment appeared in the transcript of the record, whereupon the court ordered that the further consideration be postponed until a certain day in the future, and that a copy of the order be transmitted to the clerk of Upson superior court, to the end that if there be such a judgment of record in that court, a duly authenticated copy of the same may be filed in the clerk's office of this court. By the time appointed, the record was completed, and the consideration of the case proceeded.

For the remaining facts, see the decision.

M. H. SANDWICH; J. A. HUNT, for plaintiff in error.

J. A. COTTEN, for defendant.

BLECKLEY, Judge.

A trustee was sued, as such, in a justice's court. Judgment went against him for over fifty dollars, to be levied of the trust estate. He entered an appeal to the superior court by filing a pauper affidavit, and without paying cost or giving bond and security. A motion was made in the superior court to dismiss the appeal, because in the affidavit the trustee had sworn to his own poverty, and not to the poverty of the trust estate. (30 *Ga.*, 964; 3 *Kelly*, 254–5.) The trustee proposed to amend the affidavit, (19 *Ga.*, 33,) and the

court heard evidence as to whether the affidavit had been written as the deponent really intended, or whether his intention was to depose to the poverty of the trust estate, and not to his own personal poverty. From the evidence, the court came to the conclusion that there was no mistake, and thereupon denied the application to amend, and dismissed the appeal. The trustee excepted.

The Code (section 3622) declares that "Executors, administrators, and other trustees, when sued as such, or defending solely the title of the estate, may enter an appeal without paying costs and giving bond and security, as hereinbefore required ; but if a judgment should be obtained against such executor, administrator, or other trustee, and not the assets of the estate, he must pay costs and give security, as in other cases." The case is within this provision, and hence the affidavit was unnecessary. The application to amend it was needless, and the ruling of the court thereon immaterial. As the judgment in the justice's court was taken against the trust assets, and not against the trustee, personally, the trustee had a right to appeal without paying costs and giving bond and security, and without rendering any reason, by affidavit or otherwise, for the omission. The case in 30 *Ga.*, 964, arose before the adoption of the Code, and under a statute which did not include other trustees with executors and administrators in dispensing with the ordinary requisites in entering appeals. It was error to dismiss the appeal in the present case.

Judgment reversed.