## TRUITT *v.* SHUMATE *et al.*

An appeal affidavit in forma pauperis, made since the act approved Dec. 21, 1897, which states that "owing to his poverty [the appellant] is unable to pay the costs and give the security as required by law in cases of appeal," is fatally defective, and it is not error for the court to refuse to allow an amendment offered by appellant to strike the word "and" and substitute the word "or" therefor in his affidavit, it appearing that the use of the word "and" in the original affidavit was not unintentional but was simply the result of ignorance of law on the part of the appellant or his counsel.

　　　　　　Argued March 21,—Decided April 20, 1899.

Appeal. Before Judge Reese. Wilkes superior court. May term, 1898.

*F. W. Gilbert, William Wynne* and *Colley & Sims,* for plaintiff in error.　*S. H. Hardeman* and *B. S. Irvin,* contra.

SIMMONS, C. J.　Prior to the act of 1897 (Acts 1897, p. 32), the law required a party who desired to enter an appeal in forma pauperis to make an affidavit, before he entered his appeal, that he was, owing to his poverty, "unable to pay the costs and give the security required by law in cases of appeal." Civil Code, § 4465.　The General Assembly amended this section of the code by striking therefrom the word "and" and inserting the word "or," so as to make this portion of the affidavit read: "owing to his poverty he is unable to pay the costs or give the security required by law in cases of appeal." This act was approved on December 21, 1897.　The appeal in the case now under consideration was entered and an affidavit made in accordance with the terms of the code as of force before the passage of the act of 1897, the affidavit being made April 28, 1898, some four months after the approval of the act. When the case was called in the superior court, a motion was made to dismiss the appeal, because the affidavit did not follow the act of 1897, it containing the word "and" where the act re-

quired the word "or." The appellant offered to amend the affidavit so as to make it conform to the act, and offered to swear to it as amended, asking leave to show " that his intention at the time of appeal was to comply with the law, and that the form of the affidavit was by mistake upon his part." The court refused to allow him to amend, and dismissed the appeal. The appellant excepted.

Section 5124 of the Civil Code provides, that "Where material words are omitted by accident or mistake in an affidavit to appeal in forma pauperis, such omission is amendable." As far as appears from the record in this case, no material word in the affidavit was omitted by accident or mistake. The appellant simply used the old form of affidavit instead of the new, and his application to amend was not to supply omitted words which had been left out by accident or mistake, but to substitute one word for another. Had the appellant left out any one of the words of the affidavit by accident or mistake, intending at the time the affidavit was made to use that word, he could, under the section cited, have supplied it upon proper showing. For instance, had the words "from his poverty" been unintentionally omitted, he could have supplied them. The code does not seem to contemplate the substitution of one word for another, certainly not where the affiant did not intend, at the time of making the affidavit, to swear to the word proposed to be substituted for the word actually used. Here it does not appear affirmatively that the appellant offered to show that he intended to use the word "or" instead of the word "and," and that "and" was unintentionally written for "or." It is true he says he intended to comply with the law, but he does not show that he knew what was the law at the time he made the affidavit. His explanation is not inconsistent with the hypothesis that his use of the wrong word arose from ignorance of law and not mistake of fact, and we think the section cited above relates only to mistakes of fact. We suspect the truth to be that the appellant in preparing his affidavit followed the old form and was not aware that the General Assembly had made any change. If this be true, he could not conscientiously have stated that he intended in making the affidavit to use the word

·"or" instead of "and," but could have stated, as he asked leave
to do, that he intended to comply with the law. This showing
is in itself an intimation that he thought he was complying
with the law when he made the affidavit in the form he used,
having found it in the code and being unaware of the change
made.    We therefore agree with the trial judge that it was not
such an accident or mistake as was amendable under the above-
cited section of the code.

*Judgment affirmed.    All the Justices concurring.*