to subject to the satisfaction of each particular mortgage that property only which was therein described, and the rule absolute fairly construed was to this effect, it was proper for the clerk to issue execution accordingly, and the duty of the sheriff to enforce the execution as issued.

2. In the light of the entire record, the court did not err in holding that the defendant's affidavit of illegality was not well taken.

*Judgment affirmed. All the Justices concurring, except Fish, J., absent.*

Argued April 28,— Decided May 14, 1900.

Illegality.   Before Judge Janes.   Douglas superior court. November term, 1899.

*B. G. Griggs*, for plaintiff in error.

*L. Z. Dorsett* and *Roberts & Hutcheson*, contra.

---

ROBERTS *v.* SMITH.

LITTLE, J.   This case is controlled, adversely to the contention of the plaintiff in error, by the ruling made in the case of *Truitt* v. *Shumate*, 107 *Ga.* 235. *Judgment affirmed. All the Justices concurring, except Fish, J., absent.*

Argued May 2, —Decided May 14, 1900.

Appeal.   Before Judge Reagan.   Pike superior court.   December 18, 1899.

*A. B. Pope*, for plaintiff in error.

*J. M. Smith* and *J. F. Redding*, contra.

---

BARBER, next friend, *v.* EAST AND WEST RAILROAD COMPANY.

LITTLE, J.   Inasmuch as it was apparent from the evidence of the plaintiff that he could, by the exercise of ordinary care, have avoided not only the injury, but the consequences to himself of the negligence of the defendant, even if such negligence was shown, he was not entitled to recover, and the nonsuit was properly awarded.   Civil Code, § 3830; *Perry* v. *Macon Consolidated Street Railroad Co.*, 101 *Ga.* 400.

*Judgment affirmed. All the Justices concurring, except Fish, J., absent.*

Argued April 27,—Decided May 16, 1900.

Action for damages.   Before Judge Janes.   Polk superior court.   August term, 1899.

*L. J. Spinks Jr.* and *Sanders & Davis*, for plaintiff.

*F. A. Irwin*, for defendant.