## ABERNATHY *v.* MITCHELL.

1. The act of December 21, 1897, amending section 4465 of the Civil Code, did not have the effect of striking therefrom the words " or proceeding in the court of ordinary," although the recital in that act as to how the section would read after making specified changes therein was, because of an omission of these words from the transcript of the amended section, erroneous.

2. An affidavit made since the passage of that act, for the purpose of entering an appeal in forma pauperis, is fatally defective if it states conjunctively inability to pay costs and give security, instead of doing so disjunctively.

3. When, in support of a motion to amend such an affidavit by striking therefrom the word " and " and inserting in its stead the word " or," the appellant's attorney in preparing such affidavit deposed that " by accident and mistake he omitted from said affidavit the word ' or,' " but refused to depose, when required by the court, that " by accident or mistake, the word ' and ' was used instead of ' or,' " there was no error in refusing to allow the amendment, or in dismissing the appeal for want of a proper affidavit.

Submitted March 2,—Decided March 27, 1901.

Appeal. Before Judge Russell. Jackson superior court. August 9, 1900.

*Russell & Armistead,* for plaintiff in error.
*Pike & Ayers,* contra.

LEWIS, J. The plaintiff in error entered an appeal from the judgment of the court of ordinary of Jackson county. In connection with her appeal she made an affidavit that owing to her poverty she was unable "to pay the costs *and* give the security required by law in cases of appeals." The judge of the superior court dismissed the appeal, because in the affidavit in forma pauperis the word "and"

was used instead of the word "or." Before the rendition of this judgment, counsel for the appellant asked leave to amend the affidavit by inserting therein the word "or" in place of the word "and," offering an affidavit made by the attorney who drew the affidavit in forma pauperis, to the effect that the word "or" was omitted therefrom through inadvertence and mistake. The court refused to allow this amendment, "unless affidavit was made stating that by accident or mistake the word 'and' was used instead of 'or.'" This counsel declined to do, and exception is now taken to the order of the court dismissing the appeal.

1. It is claimed by counsel for the plaintiff in error that the act of December 21, 1897 (Acts 1897, p. 32), amending section 4465 of the Civil Code, had the effect of striking from that section the words "or proceeding in the court of ordinary," and that therefore the law relating to appeals in forma pauperis from courts of ordinary remains as it was before the passage of the amendatory act. In this view we can not concur. Section 4465 of the Civil Code reads as follows: "When any party, plaintiff or defendant, in any suit at law or proceeding in the court of ordinary, shall be unable to pay costs and give security as hereinbefore required, if such party will make and file an affidavit in writing that he is advised and believes that he has good cause of appeal, and that owing to his poverty he is unable to pay the costs and give the security required by law in cases of appeal, such party shall be permitted to enter an appeal without the payment of costs or giving security as hereinbefore required." The act of 1897 to which we have already referred declares in its title that its purpose is to amend this section of the code "by striking from the third and sixth lines thereof the word 'and' and inserting in lieu thereof the word 'or,' and by inserting between the words 'security' and 'as' in the last line thereof the words, as the case may be, and for other purposes." No intimation is contained in the title of the act that the legislature intended to make any change with reference to the courts affected by the code section which it proposed to amend. In construing an act, the legislative intent is always the guide which courts must follow. There is nothing in the act now under review to indicate that there was any intention on the part of the lawmakers to effect any change in the statute sought to be amended, so far as concerned the courts to be affected thereby.

A clear distinction is to be observed between the case at bar and the case of *Johnson* v. *Jones*, 87 *Ga.* 85. The principle ruled in that case, as announced in the first headnote, is as follows: "The act of 1885, amending § 4185 of the code, providing for service of certain proceedings by publication, is unconstitutional, because it ' contains matter different from what is expressed in the title thereof.'" It appeared that the title of the act there considered declared that it was an act to amend section 4185 of the code by adding, after the words "four months" therein, the following words: "which order to perfect service may be granted by the judge in vacation." No other purpose is declared in the title of the act, the body of which, however, proceeds to make other substitutions not contemplated or mentioned in the title. In the act under discussion there was no such substitution. The body of the act adhered closely to the purposes mentioned in the title, and the omission, in copying the act as amended, of the words " or proceeding in the court of ordinary" bears every appearance of having been due to oversight. It can not be said that the act "contains matter different from what is expressed in the title thereof." We are therefore constrained to hold that the amendatory act did not have the effect of striking the words quoted from the original act, and that the act as amended applies to "any suit at law or proceeding in the court of ordinary." By an act approved December 15, 1900 (Acts 1900, p. 55), the General Assembly cured by positive enactment the defect of transcription appearing in the act of 1897. In view of what is above stated, it was really unnecessary to pass the act of December 15, 1900; but, be that as it may, there can in future be no uncertainty as to the meaning of the law in this respect.

2, 3. It follows from the above that the affidavit in forma pauperis in the present case, which stated the affiant's inability to pay costs and give security in the conjunctive instead of the disjunctive, was fatally defective. See *Truitt* v. *Shumate*, 107 *Ga.* 235; *Roberts* v. *Smith*, 111 *Ga.* 838. The affidavit of appellant's counsel, to the effect that the word "or" was omitted through inadvertence, was wholly vain when considered in connection with his refusal to swear that through accident and mistake the word "and" was used instead of the word "or." His position was reduced to an absurdity, and the court below did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concurring.*