KAHN BROTHERS *v.* THOMSON *et al.*

THOMSON *v.* KAHN BROTHERS *et al.*

1. Allowing an amendment good in substance to an answer will not by the Supreme Court be held erroneous, when it does not appear that any valid objection to its allowance was presented to and passed upon by the court below.
2. Unless restricted by statute, the parties to a partnership may give thereto such name as they please, even one that is purely fanciful. A disregard of the rule here stated led to the commission of divers errors in the present case.
3. When in a petition against a partnership it is alleged to be composed of Mrs. J. G. G. and Mrs. J. L. S., a return thereon by the sheriff that " the defendant J. L. S." is not to be found indubitably refers to Mrs. S.
4. When an offered amendment to an answer does not, even if taken alone or in connection with the answer, contain any good defensive matter, there is no error in refusing to allow it.

Argued May 30, — Decided July 20, 1901.

Complaint.    Before Judge Reid.    City court of Atlanta.    October 29, 1900.

*Slaton & Phillips*, for plaintiffs.

*John L. Hopkins & Sons*, for defendants.

LUMPKIN, P. J.     Kahn Brothers brought, in the city court of Atlanta, an action against Mrs. J. G. Gause and Mrs. J. Lynn Smith, as partners under the firm name set forth below, and W. S. Thomson as surety.     There was an entry of service upon the firm and Mrs. Gause, showing personal service upon her, and an entry of non est inventus as to "the defendant J. L. Smith."     It appears from the record that the initials "J. G." and "J. L." were those, respectively, of the husbands of the members of this partnership.     The suit was predicated upon a written contract dated August 3, 1896, and an account thereto attached.     This contract recited that the parties thereto were "Kahn Bros., merchant tailors, of the first part, and Gause and Smith, agts. (J. G. Gause, J. Lynn Smith), of the second part, and W. S. Thomson, surety, of . . the third part."     It was signed thus: "Gause & Smith, agts. [Seal.] W. S. Thomson [Seal.]"     It in substance stipulated that Kahn Bros. were to fill orders for clothing sent to them by Gause & Smith, and that Thomson was to guarantee payment for the goods shipped under such orders.     In the 1st paragraph of the plaintiff's petition it was alleged : "That Mrs. J. G. Gause and Mrs. J. Lynn Smith are partners doing business under the firm name of Gause & Smith, agents."     The third paragraph of the petition was as follows: "Your petitioner shows that, on the 3rd day of August, 1896, a contract was entered into between plaintiffs and said defendants Gause and Smith and W. S. Thomson, surety.     A copy of said contract is hereto attached and marked 'Exhibit A' and made a part of this declaration."     The defendants Gause and Smith, agents, filed an answer which was stricken on demurrer, and to this they did not except.     Thomson also filed an answer, in the 1st and 3d paragraphs of which he admitted, respectively, the truth of the allegations contained in the above-mentioned paragraphs of the petition.     At the trial he tendered an amendment to his answer, striking the 1st and 3d paragraphs thereof and substituting for the same averments to the effect that the partnership which entered into the contract with Kahn Brothers was not composed of Mrs. Gause and Mrs. Smith, and that Thomson did not, in signing that instrument, undertake or intend to become surety for them.     This amendment also undertook to set up divers reasons why, even upon the assumption

that Mrs. Gause and Mrs. Smith were members of that partnership and as such entered into the contract, the same should not be enforced against Thomson. The court, on demurrer to his original answer and objection to the offered amendment, struck the answer and allowed so much only of the amendment as was designed to set up the defense embraced in the matter substituted for the 1st and 3d paragraphs of the answer. The trial proceeded, and Thomson in open court admitted the correctness of the account sued on and that it was "due by the defendants and unpaid." The original contract was introduced in evidence, and also the 1st and 3d paragraphs of Thomson's original answer. J. G. Gause testified that the partnership was in fact composed of Mrs. Gause and Mrs. Smith. Subsequently the court ruled that the contract was not admissible in evidence against Thomson, and refused to admit estimony showing that it was in fact executed in behalf of Mrs. Gause and Mrs. Smith and so treated by them; that the business under the contract was conducted by their husbands in their behalf and as their agents; and that these things were well known by Thomson when he signed the contract. These rulings were all predicated upon the idea that the contract affirmatively and unequivocally showed on its face that the partnership therein named was composed of Mr. Gause and Mr. Smith, and not their wives, and that the contrary could not be shown by parol. The trial was concluded by the direction of a verdict against Mrs. Gause and the partnership of Gause & Smith, agents, (they having interposed no valid defense), and in favor of Thomson. Kahn Brothers sued out a bill of exceptions, and Thomson a cross-bill of exceptions; and the case is here for review on the points thus presented for our consideration.

1. The first complaint made in the main bill of exceptions is that the court erred in allowing any portion of the amendment to Thomson's answer. Several reasons why, in the opinion of counsel for Kahn Brothers, the amendment should have been rejected are set forth. It does not, however, appear that these reasons were stated to the court below and insisted upon as objections to the amendment. This being so, and the amendment being obviously good in substance, we can not say allowing it was erroneous.

2. Kahn Brothers also except to the various other rulings indicated above; and they were plainly erroneous if our second headnote lays down good law. We think it does. "The parties to a

partnership may give it such name as they see fit." 17 Am. & Eng. Enc. L. 913. "This name may contain the name of one or more or all the partners, or the names of one or more with a collective designation, or may be purely fanciful, and in this country may be a corporate name." 1 Bates on Partnership, § 191. There may, of course, be statutory restrictions upon the general rule, but we know of none applicable in the present instance. If Mrs. Gause and Mrs. Smith wished to do a partnership business under the firm name and style of "Gause & Smith, agts. (J. G. Gause, J. Lynn Smith)," and actually did so, it was nobody's "business" but theirs. Our very able and learned brother of the trial bench was probably misled into the view he took, because of the fact that the initials of the husbands appeared in that part of the contract which designated the party of the second part. This fact made no difference, if the husbands were willing, and perhaps not, in this day, if they were unwilling. If the wives desired to operate under the partnership name they chose, and Thomson knowing this fact signed as their surety, he ought to be held to his contract, unless he shows some good reason to the contrary; and certainly Kahn Brothers ought to be allowed to show what the real truth of these matters is. The direction of the verdict in favor of Thomson was, of course, a necessary sequence of the ruling that the contract was not admissible in evidence against him; but the error committed in making that ruling and the others will doubtless be corrected at the next hearing.

3. The first point raised by the cross-bill of exceptions is whether or not the return of non est inventus was applicable to Mrs. J. Lynn Smith. As the petition alleged that the partnership declared against was composed of Mrs. J. G. Gause and Mrs. J. Lynn Smith, and did not refer to any other Smith, we think the return that "the defendant J. L. Smith" was not to be found in Fulton county indubitably indicated Mrs. Smith.

4. In his cross-bill of exceptions Thomson also assigns error upon the striking of his answer, and the refusal to allow that portion of the offered amendment thereto, to which reference is made in our preliminary statement. It is quite certain that the answer did not set forth a good defense, and the rejected portion of the proposed amendment amounted to no more than a voluminous amplification of the averments of the answer. Taken all together, they so obvi-

ously related either to matters which were merged in the written contract, or which did not, as alleged, increase or tend to increase the risk of Thomson as a surety, we do not think it necessary to state their contents, which would occupy much space, or to enter upon an argument to prove their want of merit.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring.*