BALL *v.* MAPP *et al.*

1. The effect of the act approved December 21, 1897 (Acts 1897, p. 32), was to declare that an appeal in forma pauperis in any suit at law, or proceeding in the court of ordinary, could only be effected when the appellant deposed to other facts required by the statute, and that owing to his poverty the appellant "is unable to pay the costs *or* give the security required by law in cases of appeal." The act approved December 15, 1900 (Acts 1900, p. 55), which sought to amend the act of 1897 only by making its provisions applicable to "proceedings in the court of ordinary," is nugatory, and did not in any way affect the terms of the act which it sought to amend. It therefore follows that a provision found in the act of 1900, which excludes a certain class of cases from its operation, is without effect.
2. The affidavits in the present case, having been made in the conjunctive, and not in the disjunctive form as required by the statute, did not have the legal effect of entering an appeal, and should have been dismissed on motion.

Argued November 14, — Decided December 12, 1901.

Appeal. Before Judge Reagan. Butts superior court. February 23, 1901.

*J. Branham* and *Dempsey & Mills,* for plaintiff.
*M. W. Beck* and *Y. A. Wright,* for defendants.

LITTLE, J. Proceedings were duly instituted in the court of ordinary of Butts county by Ball, propounder, to probate the will of John L. Mapp, deceased, in solemn form. A caveat was filed by certain heirs of the deceased, and the issue arising thereon was determined in favor of the propounder by the ordinary. An appeal to the superior court of that county was attempted to be entered

by the caveators. The petition for probate was filed on the 24th of April, 1900. The caveat was filed July 2, thereafter. The will was set up by the ordinary at the September term, 1900, of his court. The affidavits for appeal, which were separately entered by the different caveators, were made during the months of September and October, 1900, and each of the affidavits recites that the appellants are heirs and caveators, and are dissatisfied with the judgment, and desire to enter an appeal to the superior court; that they are advised that they have good cause of appeal; and that, owing to their poverty, they are "unable to pay the costs *and* give the security required by law in cases of appeal." When the cases were called in the superior court, the propounder moved to dismiss the appeals, on the ground that no security bond had been given as required by law, and that the affidavits in the appeal proceedings were defective, in that each sets out that the caveators are "unable to pay the costs and give the security required," whereas, in order to make such appeals effective, the affidavits should state that the caveators are unable "to pay the costs *or* give the security required by law in cases of appeal." No attempt was made to amend the affidavits, but the bill of exceptions recites that caveators, in response to the motion to dismiss, stated, by their counsel, that the affidavits were intentionally so drawn. The judge overruled the motion to dismiss, and to this judgment the propounder excepted. So the only question which arises for determination is whether the affidavits were or were not sufficient.

Section 4465 of the Civil Code, under which these affidavits in forma pauperis were drawn, provides that in order for such affidavits to be effective they must recite the fact that, owing to his poverty, the appellant "is unable to pay the costs *and* give the security required by law in cases of appeal." By the terms of section 5124 of the same Code the appeal affidavit in forma pauperis is amendable, where material words have been omitted by accident or mistake. However, no question arises in this case on the right of appellants to amend, as they insist that the affidavits as made are legally sufficient. Until December 21, 1897, the law as to appeals entered in forma pauperis unquestionably required the affiant to depose that he was unable to pay the costs *and* give the bond and security. On the last-named date, however, an act of the General Assembly was approved by the Governor, under the

terms of which a change in this requirement was made. The
title of that act declares that it is its purpose to amend this sec-
tion of the code by striking the word "and" and inserting in lieu
thereof the word "or," etc. The body of the act declares that
the section is amended by striking the word "and" in the third
and sixth lines of the section and inserting in its place "or," etc.,
and then proceeds to set out, in hæc verba, the section as it ap-
pears when amended. In doing so, however, the words, "or pro-
ceeding in the court of ordinary," which were a part of the code
section, were omitted, and, as therein set out, the section as amended
seemed only to apply (in words) to suits at law. By an act of the
General Assembly approved December 15, 1900 (Acts 1900, p.
55), which is entitled "An act to amend an act entitled an act to
amend section 4465 of the Code of 1895, . . approved Decem-
ber 21, 1897," etc., two provisions are made: First, that the words,
"or proceeding in the court of ordinary," be added to the section
as set out in the amending act of 1897, so that by operation of the
act of 1900 these words would be included in the section recited,
just as they appeared in the original code section. Second, it is
provided that "this act shall not apply to proceedings now pend-
ing in the court of ordinary, or in the superior court on the appeal
from the court of ordinary." In the case of *Abernathy* v. *Mitch-
ell*, 113 *Ga.* 127, the question arose whether the recital in the body
of the act of 1897 which set out the section of the code as amended,
and from which the words "or proceeding in the court of ordi-
nary" were omitted, had the effect of confining the appeals referred
to in the act of 1897 to suits at law, and excluded from its opera-
tion proceedings in the court of ordinary. It was there ruled that
the act of 1897, which amended section 4465 of the Civil Code,
did not have the effect of striking therefrom the words, "or pro-
ceeding in the court of ordinary," although the recital in that
act as to how the section would read after making specified changes
therein was, because of an omission of these words from the tran-
script of the amended section, erroneous. So, under this adjudi-
cation, it appears that the only change that was effected in section
4465 of the code by the amendatory section of 1897 was to re-
quire affidavits in forma pauperis on appeal from any suit at law
or proceeding in the court of ordinary to recite that, because of
their poverty, appellants were unable to pay the cost *or* give the se-

curity required in cases of appeal.   Such were the requirements of
the statute at the time the affidavits in the present case were filed
for the purpose of effecting appeals; for, as has been before remarked,
these affidavits were made in September and October, 1900, before
the passage of the act of December 15, 1900.   The affidavits in
the present case, being in the conjunctive, were not, when made, in
accordance with the requirements of the statute, and, unless saved
by some other provision of law, they were not sufficient to sustain
an appeal.

It is, however, claimed by the appellants that the judgment of
the court below, refusing to dismiss the appeals, was correct, be-
cause of the proviso in the act of 1900; this proviso being, that
the terms of this act shall not apply to cases pending in the court
of ordinary or on appeal from the court of ordinary in the superior
court.   It is reasoned, inasmuch as the act of 1900 is amendatory
of the act of 1897, which changed the required allegation of ina-
bility to pay the cost and give security from the conjunctive to the
disjunctive form, that the change provided is not applicable to the
class of cases embraced in the proviso of the act of 1900, which
were pending at the date of its passage, and that it follows that at
the time the judgment refusing to dismiss the appeal was rendered,
February, 1901, the terms of the act of 1897, requiring the disjunc-
tive form, were not applicable to this case.   In other words, not-
withstanding the fact that at the time the appeals were entered the
law required affidavits of this nature in such a case to be in the
disjunctive and not in the conjunctive form, yet by a subsequent
enactment this provision of the law was rendered inapplicable to
this case.   We are fully prepared to concede that where the terms
of an enactment prescribe a particular manner in which an act may
be lawfully done, and subsequently, by an amendatory act, the pro-
visions of the law so declared are made inapplicable to certain
persons, or a certain class of cases, the effect of the act as amended
is, from the date of the amending act, to restrict the applica-
tion of the rules prescribed in the original enactment or law to
the persons or cases not excepted by the amendatory act.   With
this concession we come to examine the act of 1900 for the pur-
pose of applying its provisions, and we find that the only enactment
therein made was to restore to section 4465 of the code the provi-
sion that there may be an appeal in forma pauperis from a judg-

ment rendered in proceedings before the court of ordinary. But before the passage of the act of 1900 section 4465 fully authorized such appeals from the court of ordinary, and the act of 1897 did not change the section in this particular. Therefore the act added nothing to the section, and gave no right which did not exist before. It was therefore nugatory so far as the enacting clause is concerned. But to this enacting clause is added the proviso that this act (1900) should not apply to proceedings then pending, either in the court of ordinary or on appeal in the superior court from the court of ordinary. Inasmuch as the act added nothing to the section, created no new right, and made no limitation by its enactment, the proviso could have no effect, because the proviso refers directly to what was enacted. Had the act contained a declaration that the act of 1897 should not apply to such cases, then its effect would have been to limit the change made in the section of the code to a certain class of cases. But, inasmuch as the act itself really prescribes no change in the law, and the proviso simply declares that its enactment shall not operate on a certain class of cases, the effect is that nothing is limited by the act of 1900, and for a solution of the question presented we are remitted to the law as it stands unaffected by the act of 1900. Clearly, under the terms of the act of 1897, the affidavits for appeal in forma pauperis in the present case, being in the conjunctive and not in the disjunctive, do not meet the requirements of the statute law, and should have been dismissed.

*Judgment reversed. All the Justices concurring.*