### 823.  SIMPKINS *v.* JOHNSON.

1. An affidavit in forma pauperis, which has been made in lieu of the bond required in certiorari, is not amendable.

2. A writ of certiorari is void when the same is issued in a case where the bond required by the Civil Code, § 4638, properly approved, has not been given. A writ of certiorari is likewise void, where, in lieu of such bond, an affidavit in forma pauperis is tendered, where such affidavit, in violation of the act of 1897, uses the conjunctive "and" instead of the disjunctive "or," as required by law.

Certiorari, from Carroll superior court—Judge Freeman. October 17, 1907.

Submitted January 20,—Decided January 27, 1908.

*Leon Hood,* for plaintiff in error.
*Beall & Adamson,* contra.

RUSSELL, J.    R. W. Johnson sued Mrs. Simpkins on an account, and obtained judgment against her. The case was carried by certiorari to the superior court upon an affidavit in forma pauperis, and the certiorari was there dismissed upon the ground that the plaintiff's affidavit was not in accordance with the act of 1897 (Acts of 1897, p. 33). The bill of exceptions assigned error on this judgment of the lower court. The plaintiff in error relies upon two propositions: first, that the affidavit was a substantial compliance with the law; second, that the court should have allowed the affidavit to be amended, especially in view of the fact that the magistrate had answered the certiorari and thereby had verified the allegations of the petition.

In support of the first position, her counsel cited §4 of the Political Code, and §§ 5123, 5124, and 5125 of the Civil Code. Section 4 of the Political Code is not applicable to the point, for the reason that this provision refers only to the construction of statutory enactments. But even if we were inclined to hold it applicable to the present case in construing the act of 1897, the purpose of the legislature in the passage of the act of 1897 is so manifest that we would be precluded by other well-recognized rules of construction. Nor were the sections cited from the Civil Code in point. Section 5123 refers to amendments of appeal *bonds,* and §5124 to affidavits to *appeal* in forma pauperis. Neither of these sections can, by any construction, be held to apply to certiorari, which is an entirely different proceeding from an appeal. It is not necessary to decide whether §5125 has any reference to an affidavit made in applying for writ of certiorari, even if we were not prepared to hold that it does not; because it does not appear from the record that the motion to amend was accompanied or supplemented by any showing that the non-compliance of the affidavit with the law was due to mistake or to misprision of a clerk or other officer. Indeed we do not see how it would be possible to show that such was the fact in a case like the present.

It has been held in *Taylor* v. *Gay,* 20 *Ga.* 77, *Taylor* v. *State,* 118 *Ga.* 50 (44 S. E. 834), and *Williams* v. *Mangum,* 119 *Ga.* 628 (46 S. E. 835), cited by counsel for plaintiff in error, that

it is too late to dismiss a certiorari for the want of an affidavit verifying the petition for certiorari, after the magistrate has answered the certiorari, and by his answer verified its allegations. The reasoning in the *Taylor* case, which has been followed in several later decisions, proceeds upon the theory that the purpose of the affidavit required in §4638 is to enable the judge to see whether such a prima facie case has been made by the petition as will authorize it to be sanctioned, and in order that he may know whether such case, as appears upon paper, is true; and that when the magistrate has verified it, the same end is finally reached that should have earlier been ascertained. But no harm has resulted from the delay. These decisions are binding on the points decided; though we confess they are rather out of line, both on principle and authority, with the principle that that which is void can not be revived.

The affidavit in the present case attempted to combine the affidavit required in §4638, and the affidavit which may be made instead of giving bond, in one paper. It was as follows: "Georgia, Carroll County. Personally appeared before me Mrs. A. W. Simpkins, who on oath says, that the foregoing petition for certiorari is not filed in this case for the purpose of delay only, that she is advised and believes that she has good cause for certioraring the proceedings to the superior court, and that owing to her poverty she is unable to pay the costs and give the security required by law, and that the facts stated in said petition, so far as they come within her own knowledge, are true, and so far as derived from the knowledge of others, she believes them to be true." (Executed and attested). The disjunctive "or" is required by the act of 1897, and the conjunctive "and" is used in the affidavit. The requirement of the act of 1897 (Acts, p. 33) is as follows: "If the party applying for the writ of certiorari shall make and file with his petition an affidavit in writing that he is advised and believes that he has good cause for certioraring the proceeding to the superior court, and that owing to his poverty he is unable to pay the cost or give security, as the case may be, as required in the preceding section, such affidavit shall, in every respect, answer instead of the certificate or bond above mentioned, as the case may be." The single purpose of the act was to require the use of the word "or" instead of "and" as it originally appeared in §4641, and thereby

to prevent one who could either give the bond or pay the costs from failing to do so. One might say that he is unable to do both when he might be able to do one or the other; and so the statute requires him to make affidavit that he is, on account of poverty, able to do neither—pay the costs *or* give the bond. The affidavit becomes a substitute for the bond, which is given to protect the opposite party. For that reason the same rule should govern in determining whether non-compliance with the law as to the pauper affidavit requires dismissal. The Supreme Court has held, that a certiorari issued without a valid bond was a nullity, and that the clerk had no right to issue the writ until a bond properly approved was of file in his office. *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36). And in *Hill* v. *State,* 115 *Ga.* 833 (42 S. E. 286), it was held that a writ of certiorari purporting to have been sued out in forma pauperis is void when the affidavit of the plaintiff does not, at least, substantially meet the requirements of the statute. It is true that, being a criminal case, the affidavit referred to was the one required by § 765 of the Penal Code. But the principle is likewise controlling when applied to a certiorari in a civil case. And indeed the reason for a strict construction of the rule is even greater; because while it is right that no one should be precluded by poverty from having his case reviewed by certiorari, still the bond for the eventual condemnation-money, which would protect the defendant in certiorari in case the certiorari was without merit, is supplanted by an affidavit which will afford no recourse in case the only purpose of the application for certiorari is delay. We conclude, therefore, as the affidavit was fatally defective, that the issuance of the writ of certiorari was unauthorized, and the proceeding pending before the judge a nullity.

2. The plaintiff in error insists that she should have been permitted to amend the affidavit, and avers that the court erred in not allowing her to amend by substituting the word "or" in place of the word "and." As we have already said, the amendment of appeal affidavits is authorized by law; but there is no such provision with reference to affidavits to obtain a writ of certiorari. An appeal is merely a proceeding in a suit; a certiorari (while we doubt the correctness of the decision) has been held to be itself a suit. But we do not think that section 5122 of the Civil Code,

which states that affidavits which are the foundation of a suit, are amendable is applicable to the affidavit required to obtain certiorari. That section evidently refers to that class of cases where the suit is based upon or has its origin in an affidavit, such as attachments, distress warrants, mechanics' and laborers' liens, and the like. The affidavit in this case is a prerequisite, a requirement antecedent to the suit in some instances,—but not in all, because where one gives the bond the affidavit in forma pauperis is not required. But even if the affidavit were amendable, under the decisions of the Supreme Court upon this subject some showing must have been made to the court of some reason why the mistake occurred, and that it was a mistake and not mere ignorance of law which caused a non-compliance with the statutory requirement. In the absence of any showing made to the court as a basis for allowing the amendment, nothing was presented upon which the discretion of the court could operate, even if he had been clothed by law with discretion in the premises. See *Truitt* v. *Shumate*, 107 *Ga.* 235 (33 S. E. 48); *Mitchell* v. *Abernathy*, 113 *Ga.* 127 (38 S. E. 303). While we can not judicially consider the contents of the petition for certiorari, the allegations of which are fully verified by the magistrate, because of the rulings we have cited, this court can form a personal judgment from the facts in the record before us. As an individual the writer is satisfied that the verdict rendered against Mrs. Simpkins is not authorized by the evidence, and would unhesitatingly award her a new trial but for the rulings which compel us to affirm the judgment of the judge dismissing the petition. The learned trial judge could not rule otherwise than he did.          *Judgment affirmed.*