WEVER *v.* WEVER, administrator.

No. 11369. NOVEMBER 28, 1936. REHEARING DENIED DECEMBER 11, 1936.

*H. J. Lawrence,* for plaintiff.

*M. E. Wood* and *J. B. Moore,* for defendant.

PER CURIAM. To an application to probate a will a caveat was filed by one who had previously been appointed administrator of the estate of the decedent. The will was admitted to probate in solemn form, and the caveator filed an appeal to the superior court upon a pauper affidavit. The affidavit did not show that the estate represented by the administrator was unable from poverty to pay the costs or give security, but merely showed such inability of the affiant, the administrator, personally. On motion to dismiss the appeal the appellant moved to amend the affidavit by deposing that the estate which he represented was unable from its poverty to pay the costs, without stating anything as to inability of the estate to give security. The motion to dismiss the appeal was renewed and overruled, and exceptions pendente lite were preserved. The trial resulted in a verdict in favor of the caveator. The propounder moved for a new trial upon the general grounds, which motion the court overruled. The propounder excepted to this judgment, and assigned error on the exceptions pendente lite.

1. "When any party, plaintiff or defendant, in any suit at law or proceeding in the court of ordinary, shall be unable to pay costs and give security as hereinbefore required, if such party shall make and file an affidavit in writing that he is advised and believes that he has good cause of appeal, and that owing to his poverty he is unable to pay the costs, or give the security required by law in cases of appeal, such party may enter an appeal without the payment of costs or giving security, as the case may be. . ." Code, § 6-203. The affidavit in this case, as amended, was defective in that it failed to show the inability of the estate represented by the caveator to pay the costs or give security in accord-

ance with the legal requirements. *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010); *Ball* v. *Mapp,* 114 *Ga.* 349 (40 S. E. 272).

2. Code, § 6-113, providing that "Executors, administrators, and other trustees, when sued as such, or defending solely the title of the estate, may enter an appeal without paying costs and giving bond and security as hereinbefore required; but if a judgment should be obtained against such executor, administrator, or other trustee, and not the assets of the estate, he must pay costs and give security as in other cases," must be confined to appeals from courts other than courts of ordinary. *Hobbs* v. *Cody,* 45 *Ga.* 478, 479; *Goodwyn* v. *Veal,* 50 *Ga. App.* 657 (179 S. E. 126). Any language, indicating that an appeal under § 6-113 can be made by executor in a proper case from a decision of the court of ordinary, appearing in *Hickman* v. *Hickman,* 74 *Ga.* 401, or *Webb* v. *Webb,* 24 *Ga. App.* 464 (101 S. E. 200), must yield to the older decision in *Hobbs* v. *Cody,* supra.

3. The decision in *Hobbs* v. *Cody* is borne out by the act providing for appeals, from which § 6-113 was apparently codified. See Cobb's Dig. 494, 495. Under the judiciary act of 1799 (Acts 1799, p. 31), it was provided that as to an appeal from a verdict which "shall be obtained in the inferior court, it shall be the duty of the clerk thereof to transmit such appeal to the clerk of the superior court of the county in which such verdict shall be obtained, who shall enter the same on the appeal docket, which appeal shall be admitted and tried by the special jury: *Provided,* the person or persons appealing shall previous to obtaining such appeal, pay all costs which may have arisen on the former trial, and give security for the eventual condemnation-money, *except executors and administrators, who shall not be liable to give such security."* (Italics ours.) The above act applied only to appeals in the superior and inferior courts, and did not provide for an appeal from any decision of the court of ordinary. *Metzger* v. *Steed,* 132 *Ga.* 824 (65 S. E. 117). By the act of December 7, 1805, the right of appeal from the decisions of the court of ordinary was given; and by the act of December 19, 1823, the right of trial by jury on appeal from the judgment of the ordinary was provided. It was not until the act of December 27, 1842, that provisions were made for appeals in forma pauperis; and this act was held not to apply to appeals from the court of ordinary.

*Adams* v. *Beall,* 60 *Ga.* 325. So by the act of September 24, 1879, appeals in forma pauperis from the court of ordinary were provided for. Code, § 6-203. See *Metzger* v. *Steed,* supra. It follows that the judge of the superior court erred in not dismissing the appeal in this case. Further proceedings in the case were nugatory. *Judgment reversed. All the Justices concur.*