WEVER, executor, *v.* MINIGER.

No. 12472. SEPTEMBER 16, 1938.

*H. J. Lawrence,* for plaintiff in error.
*B. N. Nightingale* and *Jap H. Highsmith,* contra.

HUTCHESON, Justice. C. O. Miniger brought suit against B. L. C. Wever as administrator of the estate of L. E. Wever, and P. B. Wever as executor of the will of L. E. Wever, in the superior court of Appling County seeking to require an involuntary transfer of a certificate of registered title to the petitioner, the certificate showing the title of certain lands to be in L. E. Wever, subject to a mortgage held by J. S. Brailey, and the petitioner claiming title to said lands by reason of the purchase thereof from Brailey, who purchased the same at the sale under foreclosure of the mortgage. Among the prayers was one for process directing "the defendants, B. L. C. Wever as administrator to the estate of L. E. Wever, and P. B. Wever as executor of the will of L. E. Wever," to appear and answer the complaint. Upon presentation of the petition the court ordered it filed and issued a rule nisi directing "the defendants, B. L. C. Wever as administrator of the estate of L. E. Wever, and P. B. Wever as executor of the will of L. E. Wever," to show cause before the court why the prayers of the petition should not be granted. The return of service recited service upon "the defendant P. B. Wever personally." The case was referred to an examiner for hearing in conformity to the law, with direction that the examiner report to the court his findings of law and fact. A motion stating the case as "C. O. Miniger vs. B. L. C. Wever,

admr. P. B. Wever, executor," was filed, reading as follows: "Without submitting himself to the jurisdiction of the court, and for the purpose only of moving to dismiss, comes P. B. Wever, executor, one of the defendants in the above-stated case, and moves the court to dismiss the same, for the reason and upon the grounds that there is no process attached to the petition and no process has been served upon this defendant." On the same day a demurrer stating the case as "C. O. Miniger vs. B. L. C. Wever, admr. P. B. Wever, executor L. E. Wever, deceased," was filed, reading as follows: "Subject to his motion to dismiss, and reserving all his rights to plead, comes P. B. Wever, one of the defendants in the above-stated case, and demurs to the petition of the plaintiff, and alleges that all the allegations in said petition with the exhibits therein do not show a cause of action, nor authorize the court to grant the relief prayed for. Wherefore this defendant prays that the court strike the same, and that said petition be dismissed." An answer stating the case in the same manner was filed, reading in part as follows: "Subject to his motion to dismiss and subject to his general demurrer, comes P. B. Wever, executor of the last will and testament of L. E. Wever, . . and presents this his plea and answer." Among other things the answer alleged that Brailey bought in the lands in controversy at the mortgage foreclosure, for the benefit of L. E. Wever, so as to "ward off other liens;" that L. E. Wever later paid the amount of the mortgage, and the mortgage was canceled of record; that under the will of L. E. Wever "this defendant" was left all the property of L. E. Wever, and "this defendant" prayed that the certificate of title be transferred to P. B. Wever. The examiner made findings of fact and law adversely to the "defendant P. B. Wever" and in favor of the plaintiff, to which findings "said defendant P. B. Wever" filed his exceptions. The court sustained a motion of the plaintiff to strike the exceptions of "the defendant P. B. Wever," to which ruling "the defendant P. B. Wever" excepted and assigned error. The bill of exceptions states the case as being "C. O. Miniger . .. against B. L. C. Wever as administrator of the estate of L. E. Wever, and P. B. Wever as executor of the will of L. E. Wever." Attached to the bill of exceptions is a pauper affidavit stating the inability of P. B. Wever to pay the costs.

1. The suit being against P. B. Wever as executor of the last will and testament of L. E. Wever, and the rule nisi having been directed to him in that capacity, and P. B. Wever having been named as a defendant only in his representative capacity, the return showing service of a copy of the petition and rule nisi upon "the defendant, P. B. Wever," evidenced service on him in his representative capacity (*Kahn* v. *Thomson,* 113 *Ga.* 957, 39 S. E. 322); and his appearance in the suit having apparently been in response to such service, and it not appearing from the record that he appeared as a party in any other capacity than as the defendant named in the petition, although in his answer he sought relief for himself as an individual, and the bill of exceptions stating that the case was one by C. O. Miniger against B. L. C. Wever as administrator of the estate of L. E. Wever, and P. B. Wever as executor of the will of L. E. Wever, and his appearance in this court being as the defendant in the case named, a pauper affidavit stating the inability of P. B. Wever to pay the costs, and not stating the inability of the estate he represents to pay the costs, is not sufficient to relieve him from the payment of costs in a case wherein he is a party in his representative capacity. *Barfield* v. *Hartley,* 108 *Ga.* 435 (33 S. E. 1010); *Wever* v. *Wever,* 183 *Ga.* 453 (188 S. E. 706).

2. There being no assignment of error on the final judgment of the court making the findings of the examiner the judgment of the court, but only on the interlocutory ruling of the court, overruling and dismissing exceptions to the examiner's report, the writ of error, on motion, is dismissed. Code, § 6-701; *Bass Foundry & Machine Co.* v. *Miller,* 153 *Ga.* 764 (113 S. E. 1).

*Writ of error dismissed. All the Justices concur.*