WEVER *v.* WEVER, administrator.

ATKINSON, Presiding Justice. 1. The affidavit in forma pauperis on appeal from the judgment in the court of ordinary, involved in this case, was amendable. Code, § 6-109; *Fite* v. *Black,* 85 *Ga.* 413 (2) (11 S. E. 782); *Wever* v. *Wever,* 183 *Ga.* 453 (3), 454 (188 S. E. 706). See *Tompkins* v. *Venable,* 19 *Ga.* 33; *Mize* v. *Brewer,* 99 *Ga.* 322 (25 S. E. 700); *Josey* v. *Sheorn,* 106 *Ga.* 204 (2) (32 S. E. 118).

2. On the former appearance of this case it was held: "A pauper affidavit in lieu of bond on appeal entered by one as administrator of an estate, from a judgment of the court of ordinary admitting a will to probate in solemn form, which showed only inability to pay costs. without stating anything as to inability of the estate represented by the administrator to give security, was insufficient in law. The appeal was subject

to dismissal on motion." *Wever* v. *Wever*, supra. The foregoing decision by this court was not conclusive against the right of the administrator to further amend the affidavit.

3. The last amendment now in question, seeking to perfect the defective affidavit in forma pauperis, avers that deponent "is the duly appointed and qualified administrator on the estate of said L. E. Wever, and that as such administrator he filed a caveat to the application of P. B. Wever to probate in solemn form the alleged will of said L. E. Wever, deceased; that for the purpose of appealing said case deponent made an affidavit with respect to inability to pay costs or give security which deponent is advised was defective. For the purpose of perfecting said appeal and said affidavit deponent does hereby further on oath say that he is advised and believes that said estate and deponent as said administrator has good cause of appeal, and that owing to the poverty of said estate that said estate is unable to pay the costs or give the security required by law in cases of appeal. Deponent further on oath says that he had no property, money or assets in hand belonging to said estate, and that as the administrator of said estate, because of the poverty of said estate and of deponent as administrator of said estate, said estate and deponent as such administrator are unable to pay the costs or give the security required by law in cases of appeal. Deponent further on oath says that he is advised that material words are omitted from said original affidavit and the amendment thereto made by deponent for the purpose of appeal, which words were omitted by deponent by accident or mistake and without any intention to omit same or to fail to include said statements in said original affidavit and the amendment to same. Deponent makes this affidavit for the purpose of becoming a part of said original and amended affidavit and of said appeal." *Held:*

(*a*) This amendment though coming more than four years after the filing of the original affidavit, must be construed as stating inability of the estate represented by the administrator, on account of poverty at the time of the appeal, to pay the costs or to give security as required by the statute. Code, § 6-203.

(*b*) The affidavit as thus amended was a sufficient compliance with the statute.

(*c*) Construing the amendment as set forth above, it is not necessary to invoke application of the principle as stated in *Akin* v. *Ordinary of Bartow County*, 54 *Ga.* 59 (5), *Verdery* v. *Barrett*, 89 *Ga.* 349 (3) (15 S. E. 476), *Roberts* v. *Leak*, 108 *Ga.* 806 (3) (33 S. E. 995), *Sanders* v. *Allen*, 135 *Ga.* 173 (68 S. E. 1102), and similar cases, that amendments to petitions generally relate to the time of the original filing.

(*d*) The amendment, as related to inability on account of poverty to "pay the costs and give bond" employs the disjunctive "or," not the conjunctive "and" as stated in *Truitt* v. *Shumate*, 107 *Ga.* 235 (33 S. E. 48), and *Ball* v. *Mapp*, 114 *Ga.* 349 (2) (40 S. E. 272), and cited for the plaintiff. The amendment also shows that the omission in the original affidavit filed was by "accident or mistake," which was not shown in *Josey* v. *Sheorn*, supra. It thus appears that the instant case differs from the cases just cited, and that the rulings in them are not authority for holding insufficient the instant affidavit as finally amended.

4. The affidavit was not traversable. *Hines* v. *Rosser*, 27 *Ga.* 85.
5. The judge did not err in refusing to dismiss the appeal.
6. The final judgment can not be reversed on the sole assignment of error based on alleged antecedent rulings in relation to dismissal of the appeal.                *Judgment affirmed. All the Justices concur.*

No. 13404.   NOVEMBER 20, 1940.

*Wade H. Watson* and *H. J. Lawrence,* for plaintiff.
*J. B. Moore* and *Highsmith & Highsmith,* for defendant.