## WARE *vs.* CRAVEN.

1. The verdict is supported by the evidence.
2. In order to obtain a *certiorari* from a Justices' Court, the points stated in the petition need not be verified by affidavit.

*Certiorari,* in Gordon Superior Court. Decision by Judge CROOK, at October Term, 1859.

R. W. Craven brought suit in a Justices' Court, against E. P. Ware, guardian of Miss Eliza Applebey, a minor, on an account for work done and services rendered as a dentist, for Miss Applebey. At the first trial in the Justices' Court,

Ware vs. Craven.

plaintiff recovered judgment for the amount of his account. The defendant appealed, and upon the trial on appeal, the same testimony offered on the first trial was again submitted, to-wit: The affidavit of plaintiff, in support of his account, and the counter-affidavit of defendant, as provided by law, in cases where the plaintiff in suits in Justices' Courts resides out of the county in which the suit is brought: the plaintiff here residing in the county of Cass, and the defendant in the county of Gordon. Plaintiff further offered and read in evidence the depositions of Mr. and Mrs. Chum, who proved that Miss Applebey was boarding at their house at the time the work was done; that she was suffering very much with her teeth, and at her request, plaintiff was sent for, and executed the work for her, which is charged in the account sued on; that Miss Applebey said at the time, that it was her mother's wish that her teeth should be plugged; she did not complain of her teeth afterwards, and are of opinion that she was benefitted by having her teeth plugged.

Upon this proof, the jury found for the defendant. Whereupon, plaintiff applied for, and sued out, a *certiorari* to have said verdict reviewed and set aside, upon the ground that the same was contrary to the evidence.

At the trial before Judge Crook, counsel for Ware moved to dismiss the *certiorari*, upon the ground that plaintiff had not made affidavit of the truth of the facts set forth in his petition for *certiorari*, as required by law. The Court overruled the motion, holding that the affidavit made was sufficient. To which ruling counsel for Ware excepted.

The Court further held, that the verdict was contrary to the evidence, and ordered the same to be set aside, and that a new trial be had. To which decision counsel for Ware excepted.

G. J. Fain, for plaintiff in error.

Phillips, *contra.*

*By the Court.*—Stephens, J., delivering the opinion.

1. We do not agree with the presiding Judge, that this verdict in favor of the defendant in the Justices' Court is against the evidence. The only evidence which the plaintiff

Ware *vs.* Craven.

there had to carry it the other way, was his own affidavit, and the testimony of Mr. and Mrs. Chum. As to his own affidavit, it was met by a counter-affidavit by the defendant, and no reason is shown in the case why the jury should not have believed the defendant rather than the plaintiff. As to the testimony of Mr. and Mrs. Chum, it covers only one point among several, which were necessary for the plaintiff to establish, in order to recover. They state that he did the work, and that it relieved the young lady's toothache. This is the whole proof. Now, aside from his own affidavit, which the jury considered to be overcome by the counter-affidavit of the defendant, the plaintiff had no proof as to how much the work was worth, and none to show that the work was suitable to the young lady's estate and condition in life—the suit being against her guardian. It was said that any girl, with or without an estate, has a right to get relieved of a toothache and make her guardian pay for it. If this doctrine is conceded in favor of gallantry, (and it can hardly be conceded on any other score,) still, some care must be taken not to make the guardian. pay for anything but relieving the toothache. Now, it is very possible that the toothache, in this young lady's case, could have been relieved as the toothache of her grandmother had, no doubt, often been relieved, by a plug of cotton, with a little laudanum on it, instead of fine plugs of gold. We think the jury were authorized to find the verdict which they found.

2. We do not think that there was any necessity to verify, by affidavit, the statement of facts in the petition for *certiorari*, in order to obtain the writ; and we concur with the Judge, in his refusal to dismiss the *certiorari* for the lack of such an affidavit.

Judgment reversed.