## · VELVIN *et al. v.* AUSTIN.

1. When two or more joint defendants against whom a judgment has been rendered apply for a writ of certiorari, and only one of them verifies the petition as prescribed in section 4638 of the Civil Code, he alone should be treated as a plaintiff in certiorari.
2. The original petition in the city court set forth a cause of action as against the motion to dismiss which was filed by the defendants, and it was therefore not error in the judge of the superior court, on certiorari complaining of the overruling of such motion, to refuse to order the case dismissed in the city court.
3. The case as tried in the city court involved issues of fact and did not necessarily depend upon a controlling question of law, and therefore no error was committed in remanding the case for a new trial, instead of making a final judgment therein.

Argued October 10, — Decided November 4, 1899.

Certiorari. Before Judge Harris. Carroll superior court. April term, 1899.

*W. C. Hodnett,* for plaintiffs.
*Sidney Holderness,* for defendant.

Cobb, J. Suit was brought in the city court of Carroll county, on a sheriff's bond. The petition alleged that Mrs. Austin, the plaintiff's usee, was the transferee of a certain fi. fa., issued from Carroll superior court, in favor of G. W. Austin against Rodahan and against certain town lots; the amount due on the fi. fa. being between three and four hundred dollars. In July, 1893, Hewitt, the sheriff, sold certain of the property described in the above-mentioned fi. fa., under executions for State and county taxes. After deducting from the proceeds of the sale the amount due on the tax executions, there remained in the sheriff's hands the sum of $140, which was alleged to be subject to Mrs. Austin's fi. fa. In 1896 Mrs. Austin procured against the sheriff a rule absolute from the superior court, requiring him to pay over to her the sum of money in his hands on her execution, which he failed and refused to do. It is alleged that this action is a breach of the sheriff's bond, and that he and his securities are liable to petitioner in the sum of $140, with interest and costs. The petition was amended by alleging that at the time the rule was brought against the

sheriff he had in his hands the $140 referred to, and that he still has it in his hands. The securities at the appearance term filed a written motion to dismiss the case, on three grounds: (1) because there was no averment that the fi. fa. of Mrs. Austin was ever put in the hands of the sheriff, together with written notice that she claimed the money; (2) because there was no averment that the fi. fa. was ever levied upon any of the property of the defendant in fi. fa., or was put in the hands of the sheriff for this purpose and that he failed and refused to levy the same; (3) because there was no allegation that the balance of the property described in the petition as subject to the fi. fa., and which was not sold under the tax executions, was not sufficient to satisfy the fi. fa. The demurrer was overruled, and the case went to trial and resulted in a verdict for the plaintiff for the amount sued for against the sheriff and the sureties on his bond. Five of the sureties applied for and obtained a writ of certiorari to the superior court. When the certiorari came on for a hearing, a motion was made to dismiss the same, because only one of the applicants therefor had made the affidavit required by section 4638 of the Civil Code. The following is a copy of the affidavit attached to the petition for certiorari: "I, James P. Moore, do solemnly swear that the foregoing petition for a certiorari is not filed in the case for the purpose of delay only, and I verily believe that we have good cause for certiorari; and the facts stated in the foregoing petition, so far as they come within my own knowledge, are true, and so far as derived from the knowledge of others I believe them to be true." The motion to dismiss was sustained as to all of the defendants except the one making the affidavit, and as to him the certiorari was sustained and a new trial granted. To this order all of the defendants excepted; the petitioner for certiorari who made the affidavit complains that the judge did not order the case dismissed as to him, under his motion to dismiss filed in the city court; the others complain of the dismissal of the certiorari as to them.

1. Section 4638 of the Civil Code provides that "No writ of certiorari shall be granted or issued, except to the court of ordinary, unless the party applying for the same, his agent or

attorney, shall make and file with his petition" the affidavit therein prescribed and which is in almost the exact language of the one set forth above. The question arises, therefore, as to whether the affidavit of one of the petitioners for certiorari is sufficient to relieve the others from making an affidavit of similar character. Fairly construing this affidavit, it can not be said that the affiant intended to bind any one but himself. It is true he uses in one place the pronoun "we," but in two other places he uses the singular pronoun. Moreover, there is nothing to show that he was the agent of the others. The simple fact that he was a joint promissor with the other defendants would not relieve each of them from making the affidavit required by the section. While the defendants made common cause with each other in the defense of the suit, they did not for this reason constitute one legal entity, but each was a separate and distinct party and subject to a several liability in the event the defense failed. One of the purposes of the affidavit is to prevent petitions for certiorari from being filed merely for delay, and while one petitioner might swear that *he* did not sue out the writ for this purpose, this nevertheless might have been the motive which actuated the others. Again, the affiant in the present case makes affidavit only to facts which come within his own knowledge, and says that they are true as stated in the petition; whereas the others, or some of them, might know that some of the statements made in the petition were untrue, and hence not be able to make the affidavit. There was no error in dismissing the certiorari as to those who failed to make the affidavit. It is true that in the case of *Taylor* v. *Gray*, 20, *Ga.* 77, it was ruled: "That the affidavit in support of a petition for a certiorari is insufficient, is no ground for dismissing the certiorari on a motion made after the certiorari has been answered, if the answer supports the petition." But at the time that case was decided (1856) there was no law requiring that the applicant for certiorari should swear that the petition was not filed for the purpose of delay only. It was not until 1857 that this statement became an essential part of the affidavit. Acts 1857, p. 104. The reason for the rule announced in the case just referred to is stated in the opinion of

Judge Lumpkin in the following language : "But when the motion was made, the answer was in, and that showed the statements in the petition to be true. Of what consequence was it, therefore, at that time, whether the affidavit was insufficient or not?" Even if the answer of the judge whose decision is sought to be reviewed by the certiorari would cure a defect in that part of the affidavit which is intended to verify the averments of the petition, it could not, in any event, have the effect of curing a defect arising in the fact that the applicant had failed to swear that the petition was not filed for the purpose of delay only.

2. The plaintiff in error, Moore, who was the petitioner for certiorari, and who secured a hearing on the same by filing the affidavit required by the statute, complains that the judge erred "in ordering a new trial as to [him] instead of ordering the case dismissed under the written motion to dismiss as filed, and as set out in the petition for certiorari;" and "in not sustaining the certiorari and ordering the case against the petitioners dismissed." To determine whether the first of these assignments of error is well taken, it is necessary to decide whether the judge of the city court erred in overruling the written motion to dismiss filed by the defendants, the substance of which is set forth above. The original petition in the case alleged, in substance, that the usee of the plaintiff was the holder of an execution against a named defendant, which was a special lien against certain described property; that there had been a sale by the defendant sheriff of a portion of the property, and that after discharging certain taxes there was in the hands of the sheriff a specified sum that was subject to the execution first above referred to; that, at her instance, a rule nisi had issued against the sheriff in the superior court of the county of which he had been sheriff, and that a rule absolute had been obtained against him, requiring him to pay over the money on her execution, which he failed and refused to do; that the sum specified in the petition was in the sheriff's hands at the date of the rule absolute and was still in his hands; and these facts were alleged to constitute a breach of the sheriff's official bond. As against the motion to dismiss which was filed in the present

case, the petition set forth a cause of action, and there was no error in refusing to sustain the certiorari and order the case in the city court dismissed. It was not necessary in such a case to allege that the execution was placed in the sheriff's hands, there being an averment that there had been a rule absolute obtained against him in the county where he had been sheriff, presumptively, therefore, the county of his residence, and that at the time the rule was made absolute, as well as at the time the suit was brought, there was in his hands a fund which was subject to the execution, which he had failed and refused to appropriate to the payment of the same. For the same reason it was not necessary to allege either a failure and refusal to levy the execution, or that there was no other property upon which the execution could be levied. If the fund in the sheriff's hands was subject to the execution and was not claimed by liens of higher dignity, a failure to pay the same over to the usee of the plaintiff, under the circumstances alleged in the petition, would be a breach of the bond.

3. The judge of the superior court, having refused to order the case in the city court dismissed because no cause of action was set forth in the petition, sustained the certiorari on other grounds and remanded the case for a new trial; and plaintiff in error, Moore, complains that this was error, as the case was one in which a final judgment should have been made. An examination of the record showing that there were issues of fact involved in the case, and that it did not necessarily depend upon a controlling question of law, there was no error in refusing to make a final judgment in the case. *Mathis* v. *Bagwell*, 101 *Ga.* 167, and cases cited; *Almand* v. *Georgia R. R. Co.*, 102 *Ga.* 151, and cases cited; *Holmes* v. *Pye*, 107 *Ga.* 784.

*Judgment affirmed. All the Justices concurring.*