### TAYLOR v. THE STATE.

1. Where one convicted of crime in a county court applies to the superior court for the writ of certiorari, his petition should be verified by an affidavit as to the truth of the averments of the petition. An affidavit which does not so verify the averments of the petition is insufficient although it may comply fully with the Penal Code, § 765.

2. Where the judge of the superior court sanctions a petition for certiorari which is not properly verified, and in his answer to the writ the judge of the county court fully supports and corroborates the averments of the petition, it is too late to dismiss the certiorari on the ground that the averments of the petition are not sufficiently verified.

Submitted April 28, — Decided May 30, 1903.

Certiorari. Before Judge Roberts. Irwin superior court. March 11, 1903.

*McDonald, Quincey & Grantham,* for plaintiff in error.
*John F. DeLacy, solicitor-general,* contra.

SIMMONS, C. J. After conviction of a misdemeanor in the county court of Irwin county, Taylor sued out a writ of certiorari. The petition was sanctioned by the judge of the superior court, but on the hearing the certiorari was dismissed on the ground that the petition had not been properly verified. To the judgment of dismissal Taylor excepted.

1. The affidavit attached to the petition for certiorari was to the effect that petitioner "has not had a fair trial, has been wrongfully

and illegally convicted, and, owing to his poverty, he is unable to pay the cost or give the bond and security as required by law, and that his counsel has advised him that he has good cause for certiorari." The Penal Code, § 763, provides that the writ of certiorari shall lie "for the correction of error committed by the judge [of a county court] in his decision and judgment in criminal as in civil cases, and it shall be obtained under the order and sanction of the judge of the superior court of the county, upon the written petition, duly sworn to, of the defendant, stating the complaint, showing sufficient ground of error, and containing a brief of the material evidence." Section 765 provides that "the writ shall not be granted unless the accused shall file his affidavit stating that he has not had a fair trial and has been wrongfully and illegally convicted, and shall also give bond and security, or make affidavit" in forma pauperis. Counsel for the plaintiff in error contended that section 763 should be construed with section 765, and that the latter was intended to set out specifically the affidavit required by the words "duly sworn to" in the former. This we think is not true. Certioraries from county courts are regulated by the act of January 19, 1872 (Acts 1871–2, pp. 288–298), now incorporated in the code. Under that act the rules for certioraries from justices' courts are made to apply to certioraries from county courts in civil cases. One of these rules was, and is, that "no writ of certiorari shall be granted or issued" unless there be an affidavit containing, among other things, an averment that the facts stated in the petition, so far as they come within deponent's knowledge, are true, and, so far as they are derived from the information of others, are believed to be true. The act of 1872 then provides "that the right to certiorari from the decision and judgment of the county judge in all criminal cases shall exist as in all civil cases;" that certiorari may be had upon proper petition which shall "give a brief of the material evidence and be duly sworn to." After providing for the sanction of the writ and the hearing of the case, this part of the act closes with the proviso above set out as section 765 of the Penal Code. The affidavit described in this proviso is, therefore, not intended to fill the requirement in section 763, but is additional thereto. Not only must the accused file the affidavit required in civil cases, but he must also file the affidavit described in this proviso, or file an affidavit filling the requirements of both,

sections.    To relieve him of making the affidavit required by section 763 would be to make the trial judge sanction petitions not verified by oath.    The judge has to determine whether the petition makes out a prima facie case, and it is important that the petition presented to him should be true.    To subserve this end it is provided that the application or petition shall be accompanied by an affidavit as to the truth of the averments made.    This is true of all certioraries from county courts, in civil and in criminal cases; and in the latter there must also be the additional affidavit required by section 765.    We therefore hold that the petition for certiorari was not properly verified.

2. The judge of the county court had been served with the writ of certiorari, and had filed an answer which fully supported and corroborated the averments of the petition.    The question then arises as to whether the defect in the affidavit was not cured by this answer.    If this were a new question, some of us would be inclined to hold that the defect was a jurisdictional one which could not be cured by anything in the answer.    The question is not an open one, however; for this court ruled, in *Taylor* v. *Gay*, 20 *Ga.* 77, that where a petition for certiorari was not sufficiently or properly verified, but the answer was in and showed the statements in the petition to be true, it was too late to dismiss the certiorari because of the insufficiency of the affidavit.    That case was one governed by the general law as to the affidavit to be made in certiorari cases, and, as we have seen, that law is still applicable, as regards this requirement in the affidavit, to certioraries from county courts. Nor is that case distinguishable on the ground that petitions for certiorari are now required to be sanctioned by the judge of the superior court.    Under the old law such petitions were presented to the judge of the superior court, and, if he deemed the exceptions sufficient, he issued the writ.    This was changed, as to justices' courts, by the act of 1850 by which it was made the duty of the clerk to issue the writ upon presentation to him of a proper petition. This act of 1850 applied " only to the ' justice's courts ' of the several districts in the State" and was held not to apply to the case of *Taylor* v. *Gay*.    Under the ruling made in that case, the defect in the affidavit was cured by the answer of the county-court judge, and it was error to dismiss the certiorari.

It was argued by counsel for the defendant in error, that, " even

if the petition for certiorari should not have been dismissed for want of proper verification, still the judgment of the lower court ought not to be reversed unless reversible error was committed in the Irwin county court upon the trial of the case there." This argument is not sound, as in such cases the judge of the superior court has large discretionary powers in granting new trials or reducing the punishment. Penal Code, § 767. In this particular case he has not exercised his discretion, but dismissed it without any consideration on the merits. We must therefore reverse the judgment dismissing the certiorari, that the judge may pass upon the case made by the petition and answer.

*Judgment reversed. By five Justices.*