### 131. HOBBS v. HUNTER.

The provisions of § 4638 of the Civil Code are mandatory, and it is the duty of judges of the superior court to refuse to sanction any petition for certiorari which when presented is not verified in the manner and form prescribed by that section, except writs of certiorari to the court of ordinary. Consequently there was no error in refusing to sanction the petition in this case.

Petition for certiorari, from Miller superior court—Judge Sheffield. August 14, 1906.

Submitted February 26,—Decided February 28, 1907.

*William I. Geer,* for plaintiff in error.

RUSSELL, J, The bill of exceptions in this case was brought to review the refusal of the judge of the superior court to sanction a petition for certiorari. The writ of error might well be dismissed for want of any assignment of error, but, in the absence of a mo-

tion to dismiss, the court will not dismiss this case of its own motion. It is not necessary to consider the errors alleged in the petition, or the evidence adduced on the trial as disclosed thereby, for it appears that there was no affidavit verifying the petition, and for that reason alone the action of the judge of the superior court in refusing to sanction the petition and to order the issuance of the writ of certiorari was right and proper. The Civil Code, §4638, expressly provides that no writ of certiorari shall be granted and issued unless the applicant shall make the affidavit therein provided for. The making of this affidavit is therefore an indispensable prerequisite to a sanction by the judge. The above has been the uniform ruling of the Supreme Court, except in *Ware* v. *Craven,* 30 *Ga.* 35, and this section has been so strictly construed that the court held in *Velvin* v. *Austin,* 109 *Ga.* 200, that where one of several sureties made the affidavit and the others did not, he alone should be treated as plaintiff in certiorari. Section 4638 of the Civil Code is mandatory in its language. "No writ of certiorari shall be granted or issued, except to the court of ordinary, unless the party applying for the same, his agent or attorney, shall make and file with his petition" the affidavit incorporated in the section. We need go no further with this case, because §4638 does not need construction, nor do its plain terms require elaboration. It is not only *not the privilege* of the judge to sanction the petition for certiorari, in absence of the affidavit, but it is his *duty* to do as Judge Sheffield did in this case,—to refuse to sanction. It is true that in the case of *Ware* v. *Craven,* supra, it was held that there was no necessity for verifying the points in the petition for certiorari; but that decision was made in forgetfulness of the act of 1857, which is now embodied in the Civil Code as §4638. We have taken the pains to examine the original record in *Ware* v. *Craven,* and find that the cause originated after the passage of the act of 1857; and, no reference being made to it in the decision, it is apparent that the ruling discloses an oversight of that act. It has been said that Homer sometimes nods; and though Judge Stephens was, without doubt, one of our greatest judges, he apparently overlooked the act of 1857 when he decided, in *Ware* v. *Craven* (in which the decision was rendered in 1860), that no affidavit is necessary. Every proceeding in the courts necessarily involves some delay, but the reason for the passage of the act of

1857 was doubtless to prevent delays, as much as possible, by requiring the petitioner to swear that his application was not made for the purpose of delay only. We apprehend this to be the intention of §4638, and no better instance can be cited to command the statute than the present petition, which seems absolutely without merit, and to have been made for the purpose of delay only.

*Judgment affirmed.*