9064. HORTON-HUGHES FURNITURE COMPANY *v.* BROAD STREET HOTEL COMPANY.

The affidavit to the petition for certiorari could not properly be treated as the affidavit of Horton-Hughes Furniture Company, which was applying for the writ, or as the affidavit of its agent or attorney, the affiant being described therein as "of" a company bearing a different name, although the company applying for the writ was a partnership of which he was a member.

Although it has been held that where the statements of fact in a petition for certiorari are verified by the answer to the writ, it is too late to dismiss the certiorari on the ground that the statements thus verified are not sufficiently verified, such an answer can not supply the place of the averment which the statute requires to be made by affidavit of the party applying for the certiorari, his agent or attorney, that "the petition for certiorari is not filed in the case for the purpose of delay only."

DECIDED MARCH 15, 1918.

Certiorari; from Floyd superior court—Judge Wright. May 29, 1917.

Certiorari to review a judgment of a justice's court was sued out by Horton-Hughes Furniture Company, a partnership, of which W. D. Horton was a member. The affidavit to the petition was by him and began as follows: "I, W. D. Horton, of Horton-Salmon Furniture Company, do solemnly swear that the petition for certiorari is not filed in this case for the purpose of delay only, and I verily believe I have a good cause for certiorari," etc.

The justice of the peace answered that he adopted "the record as set out in the said petition" as his answer to the writ.  On the call of the case in the superior court the defendant in certiorari moved to dismiss the certiorari, on the ground that the affidavit to the petition was defective, the movant contending that the affidavit should have been made by W. D. Horton of Horton-Hughes Furniture Company, instead of Horton-Salmon Furniture Company.  The court sustained the motion and dismissed the certiorari as to Horton-Hughes Furniture Company, as a partnership, and sustained it as to W. D. Horton individually; and the Horton-Hughes Furniture Company excepted to the dismissal.

*John C. Davis,* for plaintiff.  *Denny & Wright,* for defendant.

WADE, C. J.   The Civil Code (1910), § 5184 (Acts of 1857, p. 104), provides that no writ of certiorari shall be granted or issued, except to the court of ordinary, unless the party applying for the same, his agent, or attorney, shall make and file with his petition an affidavit verifying the statements of fact in the petition, and also alleging that "the petition for certiorari is not filed in the case for the purpose of delay only."

In the case of *Willims* v. *Mangum,* 119 *Ga.* 628 (46 S. E. 35), it was held, that "Where the judge of the superior court sanctions a petition for certiorari which is not properly verified, and in his answer to the writ the justice of the peace fully supports and corroborates the averments of the petition in all material particulars, it is too late to dismiss the certiorari on the ground that the averments of the petition are not sufficiently verified."   See also *Taylor* v. *State,* 118 *Ga.* 52 (44 S. E. 834); *Bass* v. *Masters,* 5 *Ga. App.* 288 (63 S. E. 24); *Epperson* v. *Kitchens,* 2 *Ga. App.* 322 (58 S. E. 501).   In the opinion in *Willims* v. *Mangum,* supra, it was said that "The failure to verify the petition is a good reason for the judge to refuse to sanction it (*Paulk* v. *Hawkins,* 106 *Ga.* 206 [32 S. E. 122]; but after the petition has been sanctioned, and the answer of the magistrate filed, it is too late to dismiss the certiorari for the defect in the affidavit, if the answer supports the allegations of the petition)."   Nevertheless, in discussing the statutory requirement (supra) that the affidavit shall set forth that the petition is not filed for the purpose of delay only, and reviewing the case of *Taylor* v. *Gay,* 20 *Ga.* 77, the Supreme Court held in *Velvin* v. *Austin,* 109 *Ga.* 200, 203 (34 S. E. 335): "Even if the

answer of the judge whose decision is sought to be reviewed by the certiorari would cure a defect in that part of the affidavit which is intended to verify the averments of the petition, it could not, in any event, have the effect of curing a defect arising in the fact that the applicant had failed to swear that the petition was not filed for the purpose of delay only." It appears from the record on file in the case of *Willims* v. *Mangum,* supra, that the affidavit in that case contained the statement that the petition for certiorari was not filed for delay only, although it failed to verify the statements of facts in the petition.

The answer of the magistrate in this case, though verifying the statements of fact in the petition, could not establish or determine that the petition was not filed for the purpose of delay only, and, in the absence of an affidavit to that effect, the certiorari would be subject to dismissal, as held in the *Velvin* case, supra, as to any plaintiff in certiorari who failed to make such an affidavit. "When two or more joint defendants against whom a judgment has been rendered apply for a writ of certiorari, and only one of them verifies the petition as prescribed in . . the Civil Code, he alone should be treated as a plaintiff in certiorari." *Velvin* v. *Austin,* supra.

The petition for certiorari appears to have been brought by Horton-Hughes Furniture Company, and was verified by the affidavit of one W. D. Horton, which recites that "I, W. D. Horton, of Horton-Salmon Furniture Company, do solemnly swear that the petition for certiorari is not filed in this case for the purpose of delay only," etc. The judge on motion dismissed the certiorari as to Horton-Hughes Furniture Company, "as a partnership," and sustained it as to W. D. Horton individually. Under the foregoing rulings the dismissal was not error.

If there be any conflict between the decision in *Velvin* v. *Austin,* supra, and what is said in *Taylor* v. *State,* supra, and *Willims* v. *Mangum,* supra, this court must follow the older decision, which has not been disaffirmed or criticised by the Supreme Court.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*