### 9592.  KELLEY *v.* JONES.

WADE, C. J. 1. Where one of the errors assigned in a petition for certiorari in a case in which evidence was introduced is that the judgment complained of was contrary to evidence, or was without evidence to support it and contrary to law, the petition should set forth the substance of all the evidence introduced; and a statement in the petition that a number of witnesses were examined on both sides, without setting out in substance what they testified, is insufficient, and would unquestionably warrant a refusal by the judge of the superior court

to sanction the certiorari. *Hayes* v. *Lithonia,* 94 *Ga.* 552 (20 S. E. 426); *Central of Ga. Ry. Co.* v. *Potter,* 120 *Ga.* 343 (47 S. E. 924); *Bell* v. *Evans,* 19 *Ga. App.* 469 (91 S. E. 787). Where, however, the judge of the superior court sanctioned a certiorari 'to review a judgment of the ordinary, and the ordinary in his answer set out the evidence given on the trial before him, such deficiency in the petition for certiorari was supplied, and at the hearing it was too late to dismiss the petition for this defect. See, in this connection, *Taylor* v. *Gay,* 20 *Ga.* 77; *Taylor* v. *State,* 118 *Ga.* 50 (44 S. E. 834); *Willims* v. *Mangum,* 119 *Ga.* 628 (46 S. E. 835); *Horton-Hughes Furniture Co.* v. *Broad Street Hotel Co.,* 22 *Ga. App.* 89 (95 S. E. 373).

2. The judge of the superior court therefore erred in revoking his previous order sanctioning the certiorari, and in dismissing the same, "upon the ground and for the reason that the evidence adduced upon the trial before the ordinary is not set out and embodied in the petition."

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED JUNE 12, 1918.

Certiorari; from Forsyth superior court—Judge Morris. February 20, 1918.

The petition for certiorari states that upon the hearing of the case, the court, "after examining a number of witnesses on each side," passed an order, set out in the petition; with which judgment the petitioner is dissatisfied, and "he alleges that the same is error and contrary to law, and that the same is contrary to evidence and the principles of justice and equity, and that when the evidence given upon said trial shall be correctly reported by the ordinary, it will utterly fail to show that the applicant H. L. Jones had acquired any right to a private way across this petitioner's land by prescription." Other allegations of error are made, and it is prayed that a writ of certiorari be granted, requiring the ordinary to send up copies of the proceedings, together with a report of the evidence given on the trial. The judge of the superior court sanctioned the certiorari, and the ordinary, in his answer to the writ, set out the evidence introduced on the trial. In a subsequent order, on the hearing of the certiorari, the judge revoked his sanction of the certiorari and dismissed it, on the ground that the evidence adduced on the trial before the ordinary was not set out in the petition. To this judgment the petitioner excepted.

*H. L. Patterson,* for plaintiff in error.

*George F. Gober, G. B. Walker, W. I. Heyward,* contra.