## 16989.   LEWIS *v.* CLAYTON BICYCLE CO.

JENKINS, P. J.   1. In a suit for damages to a truck, tried by a judge of the municipal court of Atlanta, where the only evidence introduced by the defendant was in support of his special plea in bar, setting up a discharge in bankruptcy, and where, after a judgment in favor of the plaintiff, the defendant sued out certiorari, and the petition for certiorari did not purport to set forth the evidence, except with reference to the special plea of discharge in bankruptcy, the question of law involved by the undisputed facts relative to the special plea in bar, as certified to by the trial court, is the only question which this court is authorized to pass upon. See *Hayes* v. *Mayor &c. of Lithonia,* 94 *Ga.* 552 (20 S. E. 46); *Central of Georgia Ry. Co.* v. *Potter,* 120 *Ga.* 343 (47 S. E. 924); *Kelley* v. *Jones,* 22 *Ga. App.* 444 (96 S. E. 181).

2. "Section 63-A of the bankruptcy act, defining provable debts, does not include a claim for unliquidated damages arising out of mere tort, which neither constitutes a breach of an express contract nor results in any unjust enrichment of the tort-feasor upon which a contract may be implied. Section 17 of the bankruptcy act, which declares that a discharge shall release the bankrupt from all of his 'provable debts' except certain classes specified, refers to section 63 for the definition of what debts are provable, and does not by excepting clause add other classes, but merely limits the effect of a discharge; and this is true also of the amendment of February 5, 1903." *Schall* v. *Camors,* 251

---

Bankruptcy, 7 C. J. p. 308, n. 58; p. 397, n. 3.
Certiorari, 11 C. J. p. 195, n. 70.

U. S. 239 (4 Sup. Ct. 135, 64 L. ed. 247). The court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1926.

Certiorari; from Fulton superior court—Judge Bell. October 16, 1925.

*R. B. Lambert,* for plaintiff in error. *Harry L. Greene,* contra.