31602.   HUNTER *v.* HARVILL.

680

DECIDED SEPTEMBER 13, 1947.

*C. E. Moore, E. L. Fowler,* for plaintiff.

*J. Hugh Rogers,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The judge of the superior court did not err in overruling the motion to dismiss the petition for certiorari upon the ground that it was not properly verified. It has been held both by the Supreme Court and the Court of Appeals that, even though a petition for

certiorari had not been properly verified, where the affidavit does contain the recital that the petition for certiorari was not filed for the purpose of delay only, a failure to comply otherwise with the statute is good ground for refusing to sanction the petition for certiorari; and had the objection been made to the judge of the superior court at the time the petition was presented to him for sanction, and before he had sanctioned it, the objection would have been good. See *Williams* v. *Mangum,* 119 *Ga.* 628 (supra), citing *Paulk* v. *Hawkins,* 106 *Ga.* 206 (32 S. E. 122). After the petition has been sanctioned and the answer of the magistrate filed, verifying the substantial allegations of the petition, it is too late to dismiss the certiorari for such defect in the affidavit.

The case of *Horton-Hughes Furniture Co.* v. *Broad Street Hotel Co.,* 22 *Ga. App.* 89 (supra), is not in point, because in that case there was a total lack of an affidavit by the plaintiff and there was no recital under oath that the petition for certiorari was not filed for the purpose of delay only.

While it is the contention of counsel for the plaintiff in error that the answer of the trial judge did not verify the allegations of the petition for certiorari in all material respects, yet counsel failed to point out wherein it failed to do so, and an inspection of the answer of the trial judge does not reveal a failure to verify any material allegations of the petition. In view of these circumstances, the judge of the superior court did not err in overruling the motion to dismiss the petition for certiorari.

2, 3. This is a suit for treble damages as a penalty for an alleged violation of an order of the Office of Price Administration, in that the defendant in the suit demanded and received for the use and occupancy of housing accommodations in a defense-rental area a rental in excess of the maximum rentals which could be demanded and charged under the Emergency Price Regulations.

Under maximum-rent regulations, Part 1388, Defense-Rental Area, where there had been a registration of property, there could be no violation of the regulation, where the status of the property had changed, until the new rental rate was established and there was a refusal to comply therewith. This is obviously true because the new rental had to be fixed and approved by the Rent Director.

The undisputed evidence in the case, as disclosed by the record, is that the defendant landlord had registered with the appropriate

officials, and had registered the property as an unfurnished apartment. This being true, the evidence disclosed by the record shows that he had fully complied with all of the regulations, and was not in violation in any way until after a new order was passed reducing the rent.

Robert L. Green, Rent Director, testified that "Normally, this situation, that is, the removal of furniture from an apartment, such as Mr. Harvill did or allowed, would be considered as a first rent," and then added, "But Mr. Hilly and myself decided that Mr. Harvill's apartment could not be considered as a first rent." He also testified that "Normally, a landlord has thirty days within which to repay an overcharge or difference in rentals," but stated that Mr. Harvill's case was different.

We think that he correctly construed the law, but he did not show any reason why the case of Mr. Harvill should differ from that of any landlord, and we do not find that there are any facts warranting a difference under the law.

This being true, since Mr. Harvill tendered the sum required to be paid by the Office of Price Administration within the time prescribed by law, and the same was refused by the tenant, and a continuing tender was made, and the amount fixed by the Office of Price Administration has been filed in the trial court, it appears without dispute that the landlord was not subject to pay the penalty provided by the act.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*